HOBSON, Judge.
The appellants appeal a final judgment entered in favor of the appellees pursuant to a jury verdict.
This is a bathtub “slip and fall” case involving injuries sustained by plaintiff-ap-pellee Mrs. Ethel Mantooth, a house guest of the defendant-appellants Charles and Pauline Watts, while visiting in their home on February 22, 1961. The parties will hereinafter be referred to as they appeared in the trial court.
The facts leading up to the injury are not in dispute. Plaintiff, Mrs. Ethel Man-tooth, while bathing in defendants’ bathroom, fell and sustained injuries when a bathmat on which she was standing slipped from under her feet.
In plaintiff’s complaint it is alleged that the defendants’ daughter prior to the date of the above accident had also fallen when this same mat had slipped from under her while preparing to shower. It is alleged that the defendants’ daughter thereafter informed her mother of this incident which plaintiff asserts imputes actual knowledge to the defendants of the dangerous condition of this mat. The complaint further alleges that since the mat which caused the defendants’ daughter to fall was the same mat involved in plaintiff’s injury the defendants were negligent in their failure to warn plaintiff of its dangerous condition.
Defendants denied negligence and asserted the affirmative defenses of sole negligence and contributory negligence.
In its pretrial order the trial court ordered that the issues of liability and damages would be severed and decreed separate trials on each of these issues. At the pretrial conference and again before the trial on liability the defendants moved for an order allowing the same jury to determine the issue of damages in the event they found liability. The trial court denied both motions.
In the first trial on liability the jury found for the plaintiff and subsequently thereto in a second trial on the issue of damages a separate jury awarded plaintiff, Ethel Mantooth, $6,000 and plaintiff, Walter Mantooth, her husband, $2,500.
Appellants’ first point on appeal asserts that the trial judge committed reversible error when he ordered that the issues of *232 liability and damages would be severed and determined by separate juries.
The record reflects the basis for the trial judge’s order. Prior to trial on the issue of liability, in denying the defendants’ second motion to allow the same jury to hear and decide both issues of liability and damages, the judge stated:
“It is now Friday and we have no time on the docket for jury trials Monday. It appears that this case will take at least two days or a few days to try, and thus the granting of your motion would require that the jury sit through the weekend.
“The main medical doctors in this case are located in Tennessee and the granting of your motion would require the plaintiffs be put to the expense of transporting them to Sarasota to await the outcome of the liability trial and should the liability trial end against the plaintiffs, this would be wasted time on the part of the doctors and wasted money and would thus negate the advantages gained by separate trials.
“I do feel that because of the close question of liability involved in this case there should be one trial as to liability and one trial as to damages, but see no need nor advantage in having the same jury try both.
“Therefore your motion is denied.”
Rule 1.20(b) of the 1954 Florida Rules of Civil Procedure, 30 F.S.A. expressly grants a trial judge the discretion to order separate trials of separate issues. Subsection (b) states:
“The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, or issues.” (Emphasis added.)
Defendants’ main thrust under their first point is that since they had successfully impeached the testimony of the plaintiff, Mrs. Mantooth, in both the trial on liability and on damages the cumulative effect of these two impeachments in one trial on both issues could have produced a different jury verdict. Defendants therefore conclude that they were denied their constitutional right to “trial by jury.”
Whenever the trial court rules in a discretionary matter it is incumbent upon the appellant to show that such discretion has been abused. It is clear from the court’s reasoning as quoted above that he acted within the discretion granted him under Rule 1.20(b), 1954 Rules of Civil Procedure.
In passing we note that on many occasions a new trial is granted on the issue of damages only, in which instance, of course, a separate jury determines the amount of damages, if any, to be awarded.
In addition, as to the defendants’ position that the successful impeachment of the plaintiff in the trial on liability would not be heard by the jury on the trial as to damages, we point out that the counsel for plaintiffs and the court afforded the defendants the opportunity to read all such impeached testimony to the jury on the trial of damages, as appears from the following statement of the trial judge:
“THE COURT: During the course of the trial on the question of liability, certain testimony of the Plaintiff, Mrs. Mantooth, was impeached by the testimony taken during the course of the deposition. The Plaintiff in this action during the course of this trial on the question of damages has afforded the Defendant the opportunity of reading before this Jury the testimony of Mrs. Mantooth, plus the impeachment testimony, and the Defendant has declined to accept the offer.”
Three additional points on appeal have been assigned by the appellants as reversible error. We have carefully reviewed the record on appeal and the briefs of the respective parties and conclude that the ap *233 'pellants have failed to carry their burden to clearly demonstrate reversible error. All issues were determined by a jury under proper instructions and resolved against defendants.
Having determined that the trial judge under the facts and circumstances involved in the case sub judice did not abuse his discretion in granting the separate trials on the separate issues and the appellants having failed to demonstrate reversible error, the judgment of the lower court is affirmed.
PIERCE, Acting C. J., and STEPHENSON, GUNTER, Associate Judge, concur.