374 So.2d 75 (1979)
Janet P. MacBAIN, Appellant,
v.
James W. BOWLING, Appellee.
No. 78-1875.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Rehearing Denied September 14, 1979.
*76 Brigham & Brigham and Dana P. Brigham, Miami, for appellant.
Vernis & Bowling, Coconut Grove, and Andrew J. Anthony, Miami, McCormick, Bedford & Backmeyer and Edward J. McCormick, Miami, for appellee.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
BARKDULL, Judge.
Janet P. MacBain, plaintiff in the trial court, takes this appeal from an order taxing costs in favor of the appellee in the amount of $641.00 and reserving jurisdiction on the appellee's request for attorney's fees.
The appellant voluntarily dismissed her action, initiated against the appellee to establish a constructive trust and a resulting trust on certain real property located in Dade County. The appellee responded with a motion to tax costs, including reasonable attorney's fees, on the authority of Fla.R. Civ.P. 1.420(a) and Section 57.105, Florida Statutes (1978). These provisions allow for costs and for reasonable attorney's fees to the prevailing party in those cases where the court finds that there was a complete absence of a justiciable issue of law or fact raised by the losing party. In response to this motion, the trial court entered an order awarding the appellee $641.00 in costs and deferring a ruling on attorney's fees until a later date. This appeal followed.
As to the costs, they were authorized under Fla.R.Civ.P. 1.420(d), but not attorney's fees under this rule. See: Randle-Eastern Ambulance Services, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). However, subsequent to the Randle decision, supra, the Legislature passed (and it became effective) what is now Section 57.105, Florida Statutes (1978), and we hold that a trial judge is now authorized to award attorney's fees upon a voluntary dismissal if he finds "... a complete absence of a justiciable issue of either law or fact raised . .". A voluntary dismissal should authorize the award of fees under this statute, pursuant to the reasoning of the Supreme Court in Randle, supra, and pursuant to the decision of the Fourth District Court of Appeal, recently rendered in Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976), wherein they permitted attorney's fees to be recovered under the mechanic's lien statute, Section 713.29, Florida Statutes (1975), which is similar to Section 57.105, Florida Statutes (1978).
Therefore, the order under review be and the same is hereby affirmed.
Affirmed.