391 So.2d 292 (1980)
Josefa HERNANDEZ, Appellant,
v.
Zoila LEIVA, Appellee.
Nos. 80-367, 80-589.
District Court of Appeal of Florida, Third District.
December 9, 1980.
*293 Morales, Rudolph & Hevia and Nestor Morales, Miami, for appellant.
Stanley M. Ersoff, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
These consolidated appeals stem from a final order assessing damages against a seller and awarding attorney's fees to the plaintiff-buyer, pursuant to Section 57.105, Florida Statutes (1979); as well as an antecedent and subservient interlocutory order decreeing specific performance of a written contract to sell a house. We affirm in all respects except that portion awarding attorney's fees without allocation as discussed herein.
The first point raised by the appellant-seller is that the trial court abused its discretion in bifurcating the issues of liability and damages. The contract for the sale of the home provided that the buyer was to assume an existing mortgage. The mortgage contained a clause providing that the buyer was required to qualify with the mortgage lender. Consequently, the parties expressly stipulated as indicated in the contract as follows:
Seller acknowledges that the existing mortgage cannot be assumed without prior qualification of the assumption and the investor may adjust the interest rate to the new assumption. And purchaser agrees with this paragraph.
Between the date of execution of the contract and the interlocutory order decreeing specific performance, approximately sixteen months had elapsed and interest rates had increased. The increased interest rate to be charged by the mortgagee could not be fixed and determined until the closing date. Until the court decreed specific performance and a closing date had been established, *294 the increased interest rate could not be determined for the purpose of assessing damages. Damages, if any, were speculative until that time. Consequently, it resided within the discretion of the trial court, on its own initiative, to bifurcate and continue the trial as to damages and attorney's fees. Fla.R.Civ.P. 1.270(b); Watts v. Mantooth, 196 So.2d 230 (Fla. 2d DCA 1967).
The second point raised by the seller is addressed to the trial court's award of damages to the buyer. At the time the contract was executed, the interest rate on a mortgage loan was ten per cent. In between that date and the date of closing, under the decree of specific performance, interest rates had increased to twelve and one-half per cent. Under the above-quoted provision of the contract, the parties contemplated a change in mortgage loan interest rates. This provision had been inserted during a period of spiraling inflation for the protection of the seller against a default by the buyer. The trial court heard evidence that the seller refused to close under the agreed priced because of the rapidly appreciating value of her home and consequently found that the seller arbitrarily refused to close. As an equity court, it was empowered to assess damages against the seller so as to place the parties, as far as possible, in the same position they would have occupied had the agreement been performed within the prescribed time. Salinas v. Rieck & Fleece Builders Supplies, Inc., 109 So.2d 394 (Fla. 2d DCA 1959).
The final issue raised by the seller is that the trial court improperly awarded attorney's fees in favor of the buyer pursuant to Section 57.105, Florida Statutes (1979). In the interlocutory order decreeing specific performance, the trial court expressly found that the acquiring purchaser, as the prevailing party, was entitled under the statute to attorney's fees because there was a complete absence of justiciable issue either in law or in fact as required by the statute. MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979).
At trial, after the buyer made out a prima facie case, the seller called no witnesses in her own behalf. Instead, she nominally attempted to create an issue by cross-examination of the plaintiff's witness. The seller was called by the buyer as an adverse witness who testified that she did not close because she would not be released from the mortgage by the mortgagee. The court properly refused to consider this testimony because, at most, it was an affirmative defense which had not been raised by the pleadings.[1] The trial court found, and we agree, that the issue of the seller's liability for failure to comply with the contract as raised at trial was frivolous. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
It was the function of the trial court, based upon its observation of the demeanor and credibility of witnesses, to evaluate the weight and sufficiency of the testimony and evidence and unless there is a lack of substantial evidence to support its findings we may not substitute our judgment for that of the trial court. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972).
We agree with our colleagues in Allen v. Estate of Dutton, supra, that it is not every party that prevails as movant in a summary judgment proceeding, or on a motion to dismiss for failure to state a cause of action, or on a judgment on the pleadings, that is automatically entitled to attorney's fees pursuant to Section 57.105, supra. Nor do we indicate by this opinion that every successful litigant, after an evidentiary hearing or trial, is automatically entitled to attorney's fees pursuant to the statute. As indicated by the statute, attorney's fees will be awarded only where "the court finds that there was a complete absence of a justiciable issue of either law or fact... ." *295 A trial court's finding of a complete absence of a justiciable issue is justified where, as in this case, the attempt to create a controversy is frivolous.
In certain schools of litigation, "stonewalling" is considered better than no defense at all; but the Florida Legislature, in exercise of its authority and wisdom, has, by the enactment of Section 57.105, supra, decided to place a pricetag upon such unwarranted litigation.
The trial on liability would never have occurred but for the willful obstinacy of the seller in refusing to close based on "issues" which the trial court found to be frivolous. However, the separate trial on damages raised substantial issues of fact. The trial court ultimately found the increased cost of the new mortgage to the seller for the duration of the mortgage and then reduced that sum to its present day value. The clause under which damages were awarded is relatively new in mortgage financing. Section 57.105, Florida Statutes, supra, only authorizes attorney's fees on the finding of a complete absence of a justiciable issue. Here, there was a justiciable issue with respect to damages. The order awarding the fee made no allocation between the issues of liability and damages. Consequently, we reverse and remand the order awarding attorney's fees with directions that only reasonable fees with respect to the issue of liability be awarded.
For the foregoing reasons, the judgment appealed from is affirmed in part and reversed in part and remanded with directions.
NOTES
[1] Since the affirmative defense was not properly pled, it cannot be raised. We note that generally a mortgagor remains liable to a mortgagee unless there is a novation under which the mortgagor is relieved of personal liability for the debt. 22 Fla.Jur. Mortgages § 461 and cases cited therein.