396 So.2d 846 (1981)
Sidney KNIGHT, Appellant,
v.
COUNTY OF ALACHUA, Appellee.
No. UU-430.
District Court of Appeal of Florida, First District.
April 10, 1981.
Peter Enwall, Gainesville, for appellant.
Dennis R. Long, Asst. County Atty., Gainesville, for appellee.
PER CURIAM.
Appellant, a nonparty deponent, appeals the trial judge's denial of his motion for attorney's fees for successfully securing a protective order concerning a subpoena served by appellee. The trial judge held he was without jurisdiction to rule on the motion for attorney's fees since appellee voluntarily dismissed the suit below with prejudice. We affirm.
Although Rules 1.280(c) and 1.380(a)(4) Florida Rules of Civil Procedure may have authorized an award of attorney's fees to appellant in this situation, the award would have required the judge's exercise of discretion in granting the motion. The effect of the voluntary dismissal was "to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of `jurisdiction'." Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978). Cf. McBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); see also, Brenda Cain and The State of Florida, Department of Health and Rehabilitative Services v. Sims, 396 So.2d 234 *847 (Fla. 1st DCA 1981). Therefore, the judge was without power to rule on the motion for attorney's fees.
Accordingly, the order is AFFIRMED.
ERVIN, SHAW and WENTWORTH, JJ., concur.