402 So.2d 574 (1981)
M.A. GALBRAITH, Jr., As City Attorney of Boca Raton, Appellant,
v.
Jack INGLESE, Appellee.
No. 79-1784.
District Court of Appeal of Florida, Fourth District.
August 26, 1981.
M.A. Galbraith, Jr., City Atty., and Robert A. Eisen, Asst. City Atty., Boca Raton, for appellant.
Ellis S. Simring, Hollywood, for appellee.
HURLEY, Judge.
Appellant, M.A. Galbraith, challenges the trial court's determination that he is not entitled to an award of attorney's fees pursuant to Section 57.105, Florida Statutes (1979). We conclude that the suit against Mr. Galbraith was completely devoid of a justiciable issue of either law or fact and, consequently, the statute's mandatory provision is operative and requires an award of a reasonable attorney's fee. Accordingly, we reverse.
Jack Inglese, the plaintiff below, sued the State Department of Transportation, the Crabtree Construction Company, the City of Boca Raton, and M.A. Galbraith individually in his capacity as city attorney of Boca Raton. Inglese owns property in Boca Raton which abuts N.W. 4th Avenue and he claimed that the various defendants were responsible for raising the grade of the road and thereby damaging his property. The count against Galbraith stated that, "M.A. Galbraith ... the City Attorney of Boca Raton ... is the administrator in charge of roadway construction in Boca Raton ... and was negligent in authorizing and permitting the aforementioned construction work to proceed so that Plaintiff's property is now below street level in violation of local and state ordinances."
Galbraith filed a motion to dismiss which was denied. Thereafter, he filed a motion for summary judgment, but before the scheduled hearing, the plaintiff filed an ex parte motion for dismissal. The motion included a proposed order dismissing the suit against Galbraith with prejudice and requiring each party to bear his own costs. Galbraith immediately moved to vacate the latter portion of the order and, in place thereof, to tax costs and attorney's fees. In response, the trial court vacated the cost provision, taxed Galbraith's costs against the plaintiff and denied Galbraith's request for attorney's fees. This appeal ensued.
*575 Our starting point is Section 57.105, Florida Statutes (1979) which provides:
The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
The initial question posed by the statute is whether Mr. Galbraith, a dismissed party, may be classified as the "prevailing party"? MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979), is directly on point and answers the question in the affirmative. MacBain draws upon those cases which have interpreted Section 713.29, Florida Statutes (1979), which grants reasonable attorney's fees to the prevailing party in any action brought to enforce a mechanics' lien. MacBain expressly relies upon Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976), which states:
Where a mechanic's lien claim is voluntarily or involuntarily dismissed, the party against whom the claim was brought is the "prevailing party" and is entitled to recover attorney's fees and costs. Id., at 1235.
With Galbraith confirmed as the prevailing party, we turn to the dispositive question: was there a complete absence of a justiciable issue of either law or fact raised by the losing party? Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla. 1980), provides instructive analysis on this point. It holds that the term "complete absence" signifies something more than the mere absence or non-existence of a justiciable issue of fact or law. There must be "a finding of a total or absolute lack of a justiciable issue ... which is tantamount to a finding that the action is frivolous." Id., at 175. The court restated its holding in this fashion:
On the basis of these definitions, in order to find a "complete absence of a justiciable issue of either law or fact" we hold that a trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute. Ibid.

With these principles in mind, we turn to the facts in the case at bar as evidenced by the various documents which were considered by the trial court in reaching its determination. Specifically, we consider the pleadings and the filed deposition of M.A. Galbraith which were expressly relied upon by the trial judge. First, they conclusively demonstrate that Mr. Galbraith had absolutely no responsibility for roadway construction. Indeed, the following colloquy from Mr. Galbraith's discovery deposition offers a unique insight into the basis of the suit:
Mr. Galbraith: The thought occurs to me that you ought to be deposing our City Engineer instead of me today.
Mr. Simring: (Plaintiff's counsel) That may be true. To be perfectly honest with you the main purpose of the deposition is to eliminate unnecessary defendants and to find out who is responsible. I have no idea who is responsible for this. I am not familiar with the City of Boca Raton. I know nothing about the State Department of Transportation in Tallahassee, and I don't know who built that project. And, if anybody is liable, I'd like to get the proper party. (Emphasis supplied.)
In our view, the foregoing is tantamount to an admission that the suit against Mr. Galbraith was begun recklessly, without investigation, and without a good faith belief that Galbraith had any involvement with the construction of N.W. 4th Avenue. In hindsight it is clear that the case against Galbraith had no merit and was frivolous from its inception. As noted by our sister court in Hernandez v. Leiva, 391 So.2d 292, 295 (Fla. 3d DCA 1980), "the Florida Legislature, in exercise of its authority and wisdom, has ... decided to place a pricetag upon such unwarranted litigation." Moreover, we believe that the Legislature's choice of the word "shall" in the statute evidenced a purposeful intent to impose a *576 mandatory requirement to award reasonable attorney's fees after the court made a factual determination that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. Since the record conclusively demonstrates that Mr. Galbraith has satisfied this burden, we reverse the order denying attorney's fees and remand the cause for further proceedings consistent with this opinion.
MOORE and GLICKSTEIN, JJ., concur.