420 So.2d 346 (1982)
ROMAR INTERNATIONAL, INC., a Florida Corporation, Appellant,
v.
JIM RATHMAN CHEVROLET/CADILLAC, INC., a Florida Corporation and General Motors Corporation, a Delaware Corporation, Appellees.
No. 81-1173.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
*347 Richard A. Manzo of Manzo, Rogers & Wright, Titusville, for appellant.
Lori J. Caldwell of Rumberger, Kirk, Caldwell, & Cabaniss, P.A., Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Appellees each moved for attorney's fees and expenses under Florida Rule of Civil Procedure 1.310(g)(1), which in essence permits a trial court to award as sanctions, reasonable expenses, including attorney's fees, to a party where his opponent notices a deposition but fails to attend.[1] However, before the hearing on these motions, appellant took a voluntary dismissal of its action against appellees. The trial court nevertheless proceeded to hear appellees' motions and ultimately awarded them "costs and attorney's fees." Appellant contends that the trial court lacked jurisdiction to make such an award.
The right of a plaintiff to voluntarily dismiss his lawsuit at any time prior to a hearing on a motion for summary judgment, before the jury retires, or before submission of a non-jury case to the court for decision is guaranteed by Florida Rule of Civil Procedure 1.420(a)(1). Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978); Bevan v. D'Alessandro, 395 So.2d 1285 (Fla. 2d DCA 1981). A narrow exception exists where a fraud on the court is attempted by the filing of the voluntary dismissal, in which case the court may strike the voluntary dismissal and reinstate the matter. Bevan v. D'Alessandro; Select Builders of Florida, Inc. v. Wong, 367 So.2d 1089 (Fla. 3d DCA 1979).
The effect of a voluntary dismissal is "to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of `jurisdiction'." Randle, 360 So.2d at 69. See also, Knight v. County of Alachua, 396 So.2d 846 (Fla. 1st DCA 1981). However, Rule 1.420(d) provides authority for a defendant to recoup its court costs when a voluntary dismissal has been taken. Id.[2]
In Knight v. County of Alachua, appellant, a non-party deponent, had moved for attorney's fees pursuant to Florida Rules of Civil Procedure 1.280(c) and 1.380(a)(4) to recover such fees incurred in successfully procuring a protective order after being served with a subpoena. Appellee, however, voluntarily dismissed its lawsuit and on appeal the First District Court of Appeal concluded that the trial court was without jurisdiction to rule on the motion. The court stated:
[T]he award would have required the judge's exercise of discretion in granting the motion. The effect of the voluntary dismissal was to remove completely from the court's consideration the power to *348 enter an order, equivalent in all respects to a deprivation of `jurisdiction.'
396 So.2d at 846.
An award of attorney's fees and expenses under Rule 1.310(g)(1) likewise requires exercise of the trial court's discretion. Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 467 (Fla. 4th DCA 1969). Appellees argue that the instant case differs from Knight in that here we deal with a party who seeks fees and expenses and Rule 1.420(d) permits a defendant to recoup its court costs when a voluntary dismissal has been taken.
However, appellees proceeded here under Rule 1.310(g)(1) and at no time filed a motion to tax costs under Rule 1.420(d). See, e.g., MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979) (wherein a motion to tax costs under Rule 1.420 was made). In addition, appellees are seeking to recover attorney's fees and expenses, including those incurred in travelling to the deposition site. Rule 1.420(d) generally does not permit recovery of attorney's fees,[3]see Randle, 360 So.2d at 69, or counsel's travel expenses. Long v. Martin, 410 So.2d 607 (Fla. 5th DCA 1982).
We have been unable to discover any cases under Rule 1.310 which establish that the trial court has inherent jurisdiction after a voluntary dismissal to award the expenses provided for by the Rule. Under Randle and Knight, we reluctantly conclude that the voluntary dismissal here divested the trial court of jurisdiction to pass upon appellees' motion.
REVERSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.310(g)(1), provides:

If the party giving the notice of the taking of a deposition fails to attend and proceeds therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.
[2] Rule 1.420(d) provides in part that:

Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.
[3] There are significant exceptions to this rule but they are not applicable here. See, e.g., MacBain v. Bowling; Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976).