432 So.2d 792 (1983)
ANGORA ENTERPRISES, Appellant,
v.
CONDOMINIUM ASSOCIATION OF LAKESIDE VILLAGE, INC., etc., Bleemer Levine & Associates, Etc., et al., Appellees.
No. 82-180.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
*793 Bradford J. Beilly and Joseph J. Huss of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellant.
H. Adams Weaver of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for appellee-Superior Sprinkler Systems, Inc.
HURLEY, Judge.
This case involves the applicability of section 57.105, Florida Statutes (1981) (attorney's fees in frivolous actions), to third party litigation. We hold that the statute is applicable, but that the trial court erred in finding a complete absence of a justiciable issue of either law or fact in the instant third party litigation. Therefore, we reverse.
Angora Enterprises developed a project known as the Lakeside Village Condominiums. When the unit owners assumed control of the condominium association they sued Angora for multiple construction defects. Among other things, the association alleged that the condominium's sprinkler system was incomplete and inadequately installed. During the course of the litigation, Angora filed a third party complaint against Superior Sprinkler Systems which had performed some work on the project's sprinkler system. Later, during the discovery phase, Angora voluntarily dismissed its claim against Superior. Superior, in turn, moved for attorney's fees pursuant to section 57.105, Florida Statutes (1981). In essence, Superior asserted that there had been a complete absence of a justiciable issue of either law or fact raised by Angora. The trial court concurred and awarded fees to Superior. This appeal ensued.
After the trial court announced its decision in this case, the Supreme Court issued its opinion in Whitten v. Progressive Casualty *794 Insurance Co., 410 So.2d 501 (Fla. 1982). There the Court placed its imprimatur on the existing body of case law which interpreted section 57.105's requirement of "a complete absence of a justiciable issue of either law or fact," to mean "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous." Id. at 505. The Court quoted with approval from the Fifth District's opinion in Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), cert. denied, 392 So.2d 1373 (Fla. 1980), and restated that "a trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable." Ibid. The Court also approved the Third District's formulation in Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980), that "[a] trial court's finding of a complete lack of a justiciable issue is justified in cases where the attempt to create a controversy is frivolous." Ibid.
To apply the foregoing standard, a trial court must focus its attention on the parties' dispute as framed by the pleadings and developed through discovery and perhaps the submission of evidence. When, as in the case at bar, the parties' dispute is set in the context of third party litigation, it is both appropriate and relevant to consider the dispute between the primary parties in so far as it may provide justification for the third party action. This is implicit in the language of Rule 1.180(a), Fla.R.Civ.P., which authorizes third party actions. It states in pertinent part:
At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (Emphasis supplied.)
In this case, Angora took the position that it had not breached any duty owed to the condominium association. At the same time, it advanced the fall-back position that if it should be found liable to the condominium association, it could be only as a result of Superior's negligence. In other words, Angora pled a classic third party indemnification claim. In our view, this was a completely justifiable stance, see Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979), which was properly asserted in a third party action, see VTN Consolidated, Inc. v. Coastal Engineering Associates, 341 So.2d 226 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 428 (Fla. 1977). This was not a situation where a third party plaintiff sued someone wholly unconnected with the dispute in the primary action. The fact that the condominium association sued Angora over defects in the sprinkler system, coupled with the fact that Superior performed some work on the project's sprinkler system, was sufficient to defeat Superior's contention that the third party action involved a complete absence of a justiciable issue of either law or fact. Angora did nothing more than the rule authorized and that cannot be characterized as frivolous. Furthermore, it is not significant to the issue of attorney's fees that Angora voluntarily dismissed its claim against Superior, see Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981), or that Angora's chance of success against Superior was slim, see Whitten v. Progressive Casualty Insurance Co., supra. Section 57.105 must be strictly construed and limited to cases where the attempt to create a controversy is frivolous. This is not such a case and, consequently, we reverse.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.