## CENTRO LINES v. NEW HAMPSHIRE INSURANCE CO.

Case No. 84-199-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

June 3, 1985

### APPEARANCES OF COUNSEL

**Richard F. Ralph** and **Roderick F. Coleman** for appellant.

**William R. Boeringer** for appellee.

Before SHAPIRO, NADLER, SALMON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The facts of this case are undisputed and are as follows:

On or about November 10, 1981, defendant/appellant "Centro Lines," a common carrier, received twenty-three cartons of auto parts for redelivery to Venezuela from Miami, Florida.

Twenty-two cartons were delivered to the custody of the Venezuelan Port Authority on December 4, 1981.

Pursuant to terms of an insurance contract, New Hampshire Insurance Company, plaintiff/appellee, paid a claim to its insured for loss of this twenty-third carton in the amount of $1,572.00.

This twenty-third carton, however, was carried on a later voyage and received by the port authority of Venezuela on June 29, 1982.

On November 18, 1982, some five months after delivery of the twenty-third carton, New Hampshire Insurance Company instituted a subrogated claim against Centro Lines.

The claim alleged that although certain goods had been received, and in fact received in good order and condition, there was a failure to redeliver; in essence, an action for cargo loss. This was sole basis of claim, there being no allegation of cargo damage or damages due to delay in delivery.

A copy of the statement of claim was served on defendant/appellant Centro Lines on March 2, 1983.

Between November 18, 1982 and May 30, 1984 when the cause was dismissed for want of prosecution, the following action of record transpired. On March 22, 1983, a pre-trial hearing was held, and the case was set for trial on May 27, 1983. Discovery was conducted and completed by both parties April 27, 1983. On May 26, plaintiff requested and was granted a continuance.

This was the last activity of record until defendant filed its motion to dismiss for want of prosecution on May 30, 1984. This motion was granted and the cause dismissed without prejudice.

On June 22, 1984, defendant moved to tax attorneys' fees based on section 57.105 of the Florida Statutes. This motion was denied by the trial court on July 20, 1984, and it is this matter for which the appeal is based.

Section 57.105 of the Florida Statutes provides that a court "shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."

Defendant/Appellant Centro Lines argues that the county court erred in "not finding a complete absence of a justifiable issue where the undisputed facts show that the cargo for which plaintiff claimed loss

110

was, in fact, delivered five months before commencement of this action."

Firstly, the fact that cargo had actually been delivered some five months prior to commencement of the action is not in dispute. The key question is whether there was a justifiable issue of law or fact.

Plaintiff/Appellee's case is based upon non delivery of goods. There are no allegations of damages to goods delivered or damages caused by delay in delivery.

From the facts presented before this court, it appears that the plaintiff failed to conduct even a precursory investigation of the facts before filing suit. *McBain v. Bowling*, 374 So.2d 75 (Fla. 3rd DCA 1979); *Merrill Enterprises, Inc. v. Burkett Oil*, 421 So.2d 770 (Fla. 4th DCA 1982).

Even after it became apparent that no claim existed, plaintiff proceeded in the action, engaging in discovery and other pre-trial preparation.

Plaintiff/Appellee New Hampshire Insurance Company argues that the fact the case was involuntarily dismissed, and without prejudice, is evidence that there were in fact justifiable issues.

Attorney fees, however, can be awarded after either voluntary or involuntary dismissals and including dismissals for want of prosecution so long as there is a lack of justifiable issues of law or fact. *McBain v. Bowling*, supra. The mere fact that case was involuntarily dismissed for want of prosecution is not evidence of a justifiable issue of fact or law. *Antorico, Inc. v. Government Employees Insurance Co.*, 398 So.2d 485 (Fla. 3rd DCA 1981).

A simple precursory investigation would have assuredly uncovered the fact that this cause was lacking in merit, being based upon non delivery of goods, in fact delivered five months previous to filing.

It is within the scope and purpose of section 57.105 to protect against such a misuse of the courts and to reimburse litigants for attorney fees in defending against such frivolous actions.

The decision of the trial court is reversed, and the cause remanded for proper determination of fees.

Reversed and Remanded.

SALMON, SHAPIRO and NADLER concur.