PER CURIAM.
We agree with the appellant’s contention that the circuit court erred in awarding attorney’s fees to the appellee pursuant to section 57.105, Florida Statutes (1985). “Attorney’s fees may only be awarded pursuant to that statute when the action brought or the defense raised is so clearly devoid of merit both on the facts and the law as to be completely untenable.” Brinson v. Creative Aluminum Products, 519 So.2d 59, 60 (Fla. 2nd DCA 1988).
Here, a summary judgment was rendered in favor of the appellee showing that there was no genuine issue as to any material fact and that the appellee was entitled to a judgment as a matter of law. However, this standard is not equivalent to the requirement of section 57.105 of frivolousness for an award of attorney’s fees. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). Our review of the record reveals that there were factual issues upon which the appellant based his lawsuit and that the court erred in awarding attorney’s fees.
We further find that the order assessing attorney’s fees is technically deficient because it contains no finding by the circuit court that there was a complete absence of a justiciable issue by the losing party. See § 57.105, Fla.Stat. (1985).
Accordingly, we reverse the order awarding attorney’s fees.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.