569 So.2d 859 (1990)
Manuel ROJAS and Vayola S. Rojas, Appellants,
v.
Thomas DRAKE, Appellee.
Nos. 89-02431, 89-02979 and 90-00799.
District Court of Appeal of Florida, Second District.
November 7, 1990.
*860 Marcus Viles of Associates and Bruce L. Scheiner, Fort Myers, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
SCHEB, Judge.
These consolidated appeals[1] concern attorney's fees granted pursuant to section 57.105, Florida Statutes (1987), which entitles the prevailing party in a frivolous civil action to an award of attorney's fees. The appellants, Manuel and Vayola Rojas, raise four points. We need reach only the first.
The Rojases filed their complaint against Appellee Thomas Drake, who had rear-ended the Rojas vehicle while it was stopped at a traffic light. They also sued Melissa Faulkner, who set in motion the multi-car accident when her vehicle struck the Drake car. Drake answered and moved for summary judgment and for attorney's fees pursuant to section 57.105. The court granted both motions. In granting the motion for attorney's fees, the trial court found that the Rojases' complaint "completely lacked a justiciable issue of either law or fact." We reverse.
The Rojases argue that the trial court abused its discretion in finding their action against Drake to be frivolous. First, they correctly point out that merely prevailing on a motion for summary judgment does not mean an action is frivolous. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982). Further, they contend their suit against Drake could not have been frivolous since the very fact that Drake rear-ended the Rojas vehicle while it was lawfully stopped created a prima facie case of negligence against him. See Stephens v. Dichtenmueller, 207 So.2d 718 (Fla. 4th DCA 1968). We agree.
Although section 57.105 requires that plaintiffs and their attorneys make reasonable efforts to investigate their claims before filing suit, absolute verification often is impractical. See McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984). This is especially true where, as here, the nature of the accident and number of people involved may make it difficult for the plaintiff to know exactly who was at fault.
Thus, the requirement of frivolousness for an award of attorney's fees is not equivalent to the standard required to prevail on a summary judgment, judgment on the pleadings, or even a motion to dismiss for failure to state a cause of action. Whitten; Maryland Casualty Ins. Co. v. Semmer Elec., Inc., 535 So.2d 670 (Fla. 2d DCA 1988). Rather, an award of attorney's fees under section 57.105 is only proper where the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Ferm v. Saba, 444 So.2d 976 (Fla. 2d DCA 1983).
We cannot say that the Rojases' action against Drake was completely untenable. As the Rojases point out, the fact that they were struck from behind put them at a disadvantage of knowing the precise details of what caused the multi-car accident. Accordingly, they sued the owners of the two *861 vehicles immediately behind them in the collision. It became apparent that Drake was merely a passive projectile put into motion by Faulkner. At the time the suit was filed, however, there was the possibility that allegations might be made that Drake was comparatively negligent. Consequently, we conclude that the Rojases' action against Drake was not so lacking in possible merit as to be frivolous.
Drake argues that even if the claim against him was not frivolous when suit was filed, it became frivolous when the Rojases continued their suit after Mr. Rojas admitted in deposition that he did not think Drake was at fault. We reject Drake's argument. A determination of legal liability in a negligence action cannot rest solely on a lay opinion. Therefore, Mr. Rojas' non-expert opinion was insufficient to make the suit thereafter frivolous. See Wall v. Dep't of Transp., 455 So.2d 1138 (Fla. 2d DCA 1984) (suit against county was not frivolous even after interrogatories revealed that county was not responsible for allegedly defective traffic light).
We distinguish the instant case from Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981), which Drake contends is analogous. There, in taking the deposition of a defendant, the plaintiff's attorney admitted that he needed to eliminate unnecessary defendants because he had no idea who was responsible. The court held that the attorney implicitly admitted that the suit against the defendant was begun recklessly. The difference between Galbraith and the instant case is that in Galbraith, there was no good faith belief on the part of the plaintiff's attorney that Galbraith had any involvement whatsoever. Here, there was no dispute that the defendant was involved in the accident; the only question was whether he was a responsible party.
Reversed.
SCHOONOVER, C.J., and DANAHY, J., concur.
NOTES
[1] The appellants challenge three separate orders, but the first two are incorporated into the last order, rendered February 22, 1990 and entitled "Final Judgment Taxing Costs and Attorney's Fees."