FRANK, Judge.
Betty O’Brien and her attorney have appealed from the trial court’s award of attorneys’ fees imposed pursuant to section 57.105, Florida Statutes. O’Brien had moved to intervene in an independent action filed by Sarka, the guardian of the deceased, against Thomas, the personal representative of the estate. Sarka was *48 attempting to collect guardianship fees and he had submitted a statement of claim against the estate to which O’Brien, in her capacity as beneficiary of the estate, objected. O'Brien’s objection prompted Sarka to file the independent action. O’Brien petitioned to intervene, her motion was granted, and then Sarka moved for judgment on the pleadings. Sarka prevailed, and the court awarded him fees under section 57.-105.
To grant fees under section 57.-105, the court must find a complete absence of a justiciable issue of law and fact to have been raised by the losing party. As we stated in Rojas v. Drake, 569 So.2d 859, 860 (Fla. 2d DCA 1990).
[T]he requirement of frivolousness for an award of attorney’s fees is not equivalent to the standard required to prevail on a summary judgment, judgment on the pleadings, or even a motion to dismiss for failure to state a cause of action. Rather, an award of attorney’s fees under section 57.105 is only proper where the action is so clearly devoid of merit both on the facts and the law as to be completely untenable.
O’Brien’s Motion for Intervention was not, at first blush, completely untenable. She asserted that she questioned the adequacy of representation of her interests by Oleta Thomas, the personal representative of the estate, because Sarka and Thomas were co-plaintiffs in other litigation against O’Brien. As a beneficiary, she was attempting to protect the assets of the estate. Although her intervention was invalid, the action was not so frivolous as to require that she and her attorney be punished for attempting it.
Reversed.
DANAHY, A.C.J., and LUTEN, CLAIRE K., Associate Judge, concur.