694 So.2d 115 (1997)
Filmore CHAIKEN and Robert T. Tenen, Appellants,
v.
Clifford L. SUCHMAN, Appellee.
No. 96-2424.
District Court of Appeal of Florida, Third District.
May 28, 1997.
*116 Filmore Chaiken, in proper person.
Robert T. Tenen, in proper person.
Dale A. Heckerling, Miami, for appellee.
Before NESBITT, GODERICH and SORONDO, JJ.
GODERICH, Judge.
The plaintiffs below, Filmore Chaiken and Robert T. Tenen, appeal an order granting attorney's fees in favor of the defendant, Clifford L. Suchman, pursuant to section 57.105, Florida Statutes (1995). We reverse.
In the underlying suit, the plaintiffs filed an amended complaint against the defendant alleging that they were partners with the defendant in a real estate venture, CST Associates [CST], and that the defendant breached his fiduciary duty to them. The defendant moved for summary judgment. At summary judgment, a factual issue arose regarding whether the defendant was a partner in CST. At the summary judgment hearing, the defendant argued that CST was a Florida general partnership and that the partnership agreement did not list the defendant as a partner. On the other hand, the plaintiffs presented evidence that although the defendant was not a party to the partnership agreement, the defendant's actions and statements during the inception of the real estate venture indicated that he was a partner. Specifically, the plaintiffs argued that the defendant attended meetings related to the real estate venture and that he helped the partnership obtain a loan by offering his own financial statements. Nevertheless, the trial court granted the defendant's motion for summary judgment because the plaintiffs did not have "direct proof" that the defendant was a partner in CST.[1]
Thereafter, the defendant moved for attorney's fees pursuant to section 57.105, Florida Statutes (1995), and the plaintiffs did not file a response. On February 22, 1996, the hearing on the motion for attorney's fees was held, and the trial court granted the defendant's motion. The plaintiffs have failed to include a transcript of this hearing in the record on appeal.
On March 1, 1996, the plaintiffs filed a motion for rehearing from the trial court's order awarding attorney's fees. The plaintiffs argued, in part, that an award of attorney's fees was not warranted because the transcript of the hearing on the motion for summary judgment demonstrated that there were justiciable issues of fact and law that were ruled upon by the trial court. The plaintiffs further argued that the fact that the trial court had resolved a factual dispute, although admittedly against the plaintiffs, evidenced *117 that the plaintiffs' claim against the defendant was not "untenable, meritless and/or frivolous." Despite the plaintiffs' arguments, the trial court denied the motion for rehearing stating, in part, that the "[m]otion [for rehearing] contains no legal argument not previously presented to the Court." Subsequently, on August 5, 1996, the trial court entered an order awarding the defendant $9,129 in reasonable attorney's fees, plus $525 in costs. The plaintiffs' appeal follows.
The defendant contends that this Court does not have jurisdiction to review the February 22, 1996 order finding that the defendant was entitled to attorney's fees because the plaintiffs failed to file their notice of appeal within thirty days of the rendition of that order. Contrary to the defendant's assertion, an order awarding entitlement to attorney's fees does not become final until the amount of the fee is set. See Memorial Sloan-Kettering Cancer Ctr. v. Levy, 681 So.2d 842 (Fla. 3d DCA 1996); Boyce v. Cluett, 672 So.2d 858, 860 (Fla. 4th DCA 1996); Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988, 988-89 (Fla. 4th DCA 1996); Gonzalez Eng'g, Inc. v. Miami Pump & Supply Co., 641 So.2d 474 (Fla. 3d DCA 1994). Therefore, because the notice of appeal was filed within thirty days of the rendition of the order setting the amount of attorney's fees, this Court has jurisdiction.
Next, the defendant argues that because there is no transcript of the hearing on the motion for attorney's fees, this Court must affirm. See Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292, 293 (Fla. 2d DCA 1989); Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987); E.H. Dev., Inc. v. Kelly Tractor Co., 501 So.2d 1301 (Fla. 4th DCA 1986). Without a transcript, appellate courts cannot usually determine what issues were either raised or argued by the parties during a proceeding. As such, the lack of a transcript normally precludes appellate review.
The plaintiffs' main argument on appeal is that there was not a complete absence of justiciable issue because the trial court granted summary judgment in favor of the defendant only after resolving a factual dispute. In the instant case, although there is no transcript of the attorney's fees hearing, other portions of the record, such as the motion for rehearing and the order denying that motion, sufficiently indicate that the plaintiffs' main argument on appeal was indeed raised and addressed at the hearing on the motion for attorney's fees. As such, this issue is reviewable on appeal.
Section 57.105 permits a court to award attorney's fees to the prevailing party where the "court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party...." Moreover, in order for a trial court to award attorney's fees pursuant to section 57.105, the action must be "`so clearly devoid of merit both on the facts and the law as to be completely untenable.'" Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982)(quoting Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA 1980))(emphasis in original); Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995); Edgar v. Cape Coral Med. Ctr., Inc., 664 So.2d 1068 (Fla. 2d DCA 1995); Carnival Leisure Indus. Ltd. v. Arviv, 655 So.2d 177 (Fla. 3d DCA 1995). Moreover, just because a party prevails on a motion for summary judgment, this does not necessarily mean that the action was frivolous for purposes of awarding attorney's fees pursuant to section 57.105. See Fairview Properties, Inc. v. Pate Const. Co., 638 So.2d 998, 999-1000 (Fla. 4th DCA 1994); Rojas v. Drake, 569 So.2d 859, 860 (Fla. 2d DCA 1990); Personnel One, Inc. v. John Sommerer & Co., P.A., 564 So.2d 1217, 1219 (Fla. 3d DCA 1990); Maryland Cas. Ins. Co. v. Semmer Elec., Inc., 535 So.2d 670, 671 (Fla. 2d DCA 1988)(holding that standard for entry of summary judgment "is not equivalent to the requirement of section 57.105 of frivolousness for an award of attorney's fees").
In the instant case, the defendant moved for summary judgment arguing that he was not a partner in CST. After hearing evidence from both parties, the trial court granted summary judgment in favor of the defendant because the plaintiffs did not have "direct proof" that the defendant was a partner. *118 The plaintiffs, however, did offer testimony that due to the defendant's actions and prior dealings, they believed that the defendant was a partner in CST. Although the trial court ruled that the plaintiffs' offer of proof was not sufficient to overcome the motion for summary judgment, there was not a complete absence of a justiciable issue of either law or fact raised by the complaint to merit an award of attorney's fees pursuant to section 57.105. See Maryland Cas. Ins. Co. v. Semmer Elec., Inc., 535 So.2d 670, 671 (Fla. 2d DCA 1988)(holding that although trial court granted summary judgment in favor of appellee, where there were "factual issues upon which the appellant based his lawsuit," the trial court erred in awarding attorney's fees in appellee's favor); Cisneros v. Tarafa, 418 So.2d 338, 338 (Fla. 3d DCA 1982)("There being issues of fact which, although ultimately resolved against the appellants, were manifestly justiciable, the appellants correctly contend that the award of attorney's fees to [appellee] is totally unwarranted under Section 57.105, Florida Statutes (1981)."). Therefore, we reverse the award of attorney's fees entered in favor of the defendant pursuant to section 57.105, Florida Statutes (1995).
Reversed.
SORONDO, J., concurs.
NESBITT, Judge (Dissenting).
We review a trial court's determination that a party is entitled to attorney's fees under section 57.105, Florida Statutes for an abuse of discretion. See Hollander v. Gramm, 555 So.2d 406 (Fla. 3d DCA 1989). The trial court found that there was "no basis whatsoever" for suing Clifford L. Suchman and that there was no justiciable issue raised as to him at the time suit was filed. Because I believe reasonable people could disagree with that finding, I would affirm the order awarding him attorney's fees.
NOTES
[1] The order granting the defendant's motion for summary judgment was not appealed and is not the subject of this appeal.