711 So.2d 1285 (1998)
Carol King WILLIAMS, Appellant/Cross-Appellee,
v.
Claudine M. KING, etc., Appellee/Cross-Appellant.
Nos. 96-3538, 96-3540 and 97-704.
District Court of Appeal of Florida, Fifth District.
May 22, 1998.
Rehearing Denied June 26, 1998.
*1286 David R. Carlisle, Miami, and Stacey C. Rosenthal, Orlando, of Akerman, Senterfitt & Eidson for Appellant/Cross-Appellee.
Anthony W. Palma of Broad and Cassel and Joseph A. Frein, Orlando, for Appellee/Cross-Appellant.
DAUKSCH, Judge.
This is an appeal from orders in a probate matter. The appellant was the daughter of the decedent and a beneficiary under the will. Appellee is the administratrix of the estate. For some reason appellant deemed it in her interest to challenge the actions of appellee and did so in various misguided and ineffectual ways. She lost and deserved to lose. In the primary order on appeal the court made a statement that appellant's efforts were "frivolous and without merit" and assessed attorneys fees in favor of the estate and against appellant's interest in the estate, and against appellant personally if her estate interest was inadequate to fully pay the fees. After this order was rendered there was a hearing to assess fees against appellant pursuant to section 57.105, Florida Statutes (1997).[1] At that hearing the judge made the following statement:
While my ruling will stand, it was never my intention to indicate that the suit was totally frivolous. While reasonable men may differ, there was some small basis-there was a basis to file this suit in good faith.
We agree with this statement based upon our reading of the record. That is, the actions of appellant were not so bereft of basis in law or fact as to warrant fees against her personally. Therefore, we quash that portion of the order awarding fees against her personally. We affirm the order awarding fees from appellant's portion of the estate pursuant to section 733.106.
AFFIRMED; REVERSED.
W. SHARP, and ANTOON, JJ., concur.
NOTES
[1] Section 57.105 provides that the court shall award reasonable attorney's fees to the prevailing party by the losing party and its attorneys where the court finds a complete absence of justiciable issue of law or fact.