W. SHARP, Judge.
Nicola Depadova, the former husband, appeals from a final order which denied his petition to modify a final judgment of dissolution regarding visitation of the minor children of the parties and awarded Elizabeth Depadova, the former wife, attorney fees pursuant to section 57.105. The former husband argues on appeal that the attorney’s fee award was improper. We agree and reverse that portion of the order being appealed.
In this case, it appears that the former wife was granted sole parental responsibility for the two minor children of the parties in the 1994 final dissolution decree because of the former husband’s mental condition. In this modification proceeding filed in 1996, Nicola sought custody of the two children,[1] but at trial the issues litigated were m-creased visitation and shared parental responsibility.
Considerable evidence was taken at the trial concerning the best interests of the children, and primarily the son, Jahn. Several witnesses testified for both parties, both expert and otherwise, and the conflict between their views of what was in Jahn’s best interest was presented to the trial judge. The trial court appointed a guardian ad litem who recommended that Jahn’s visitation with Nicola be expanded because it was in the child’s best interest.
The trial court resolved the disputed issues almost completely in favor of Elizabeth and it *148 denied Nicola’s petition. Although there was insufficient record evidence to support it, the trial court found that Nicola had filed this lawsuit primarily for the purpose of re-establishing his relationship with the former wife. It also found that “the problems which [the child] has experienced as set forth in the petition and in the testimony have been caused by Mr. Depadova.” But again, there appears in the record no logical link between this finding and the evidence presented.
We do not agree that there was a complete absence of a justiciable issue of either law of fact concerning Nicola’s petition for modification as pled or as tried. An award of attorney’s fees pursuant to section 57.107 was therefore inappropriate. See Williams v. King, 711 So.2d 1285 (Fla. 5th DCA 1998); Cook v. Cook, 602 So.2d 644 (Fla. 2d DCA 1992); Greater Orlando Aviation Authority v. Lake County Board of County Com’rs, 587 So.2d 651 (Fla. 5 th DCA 1991); Rojas v. Drake, 569 So.2d 859 (Fla. 2d DCA 1990). Accordingly, the award of attorney’s fees in this case is reversed.
AFFIRMED in part; REVERSED in part.
COBB and ANTOON, JJ., concur.

. He later dropped his petition for custody with regard to Meritta, his daughter.