# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-847
Lower Tribunal No. 14-8671
_____

**Eric Balaguer, M.D.,**
Appellant,

vs.

**Physicians for the Hand, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Holland & Knight, Frances G. de la Guardia and Jesus E. Cuza, for appellant.

Becker & Poliakoff and Steven M. Davis, for appellee.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

Dr. Eric Balaguer ("Balaguer") appeals from a final judgment confirming an arbitration award and denying Balaguer's petition to vacate the award. Balaguer contends that in entering the award, the arbitrator went beyond her delegated authority pursuant to the terms of the parties' agreement and, in so doing, violated Balaguer's constitutional rights. For the reasons that follow, we affirm.

The arbitration was commenced pursuant to an arbitration clause in an Employment Agreement (the "Agreement") between Balaguer and Physicians for the Hand, LLC, the appellee ("Physicians"). Pursuant to the Agreement, Physicians employed Balaguer as an orthopedic surgeon. Dr. Elizabeth Ouellette ("Ouellette") is also employed by Physicians as the senior physician in the medical practice with supervisory authority over Balaguer. Ouellette, however, is not a signatory to the Agreement, nor was she a party to the arbitration.

Allegedly, and unbeknownst to Balaguer, Physicians was in the midst of a financial meltdown and, within six months of the Agreement, terminated Balaguer's employment. Physicians provided Balaguer with a termination letter that contained a "true up" or reconciliation, pursuant to the terms of the Agreement. The letter indicated that Balaguer was required to pay Physicians a shortfall of $222,973.00.[1] Balaguer refused to pay, causing Physicians to invoke

---

[1] The termination letter provided that the shortfall was owed because Balaguer's collected revenues were less than his paid compensation, direct expenses and fifty percent of Physicians' overhead expenses.

2

the Agreement's arbitration clause so as to determine how much Balaguer owed Physicians pursuant to the Agreement.[2]

Several months prior to the litigation, the arbitrator issued an order closing the pleadings and determining the arbitration would encompass Balaguer's claim alleging Physicians' breach of contract and failure to repay Balaguer pursuant to the Agreement, as well as Physicians' response and counterclaim, in which Physicians also alleges breach of contract for Balaguer's failure to pay the shortfall.

Thereafter, Balaguer filed with the arbitrator a motion for summary judgment, arguing that because Ouellette, and not Physicians, was the party to whom any shortfalls were payable under the Agreement, Balaguer was entitled to judgment in his favor. In response, Physicians filed an affidavit of Ouellette, attesting to the fact that, upon Balaguer's termination in or around December of 2012, Ouellette orally assigned to Physicians her rights to and interest in any payments under the Agreement. Physicians also filed a written assignment

[2]Section 4(1) of the Agreement between the parties states, in full:

> If this Agreement terminates or expires for any reason, and Employee's Collected Direct Revenue is less than the sum of Employee's Direct Expenses actually paid for by Employer and 50% of the Employer's Overhead, then the Employee agrees to repay Dr. Ouellette personally for such shortfall amount. Repayment shall be made over a term of twelve (12) months, starting on the first day of the month following the month during which the Employee's employment terminated or expired.

executed by Ouellette and assigning her rights to Physicians.[3]  In an email to the arbitrator the following day, Balaguer withdrew his summary judgment motion without prejudice to raising the issue at the final hearing.

The final hearing was held on or about December 3, 2013.  However, no transcript of this hearing exists in the record on appeal.  On January 2, 2014, the arbitrator entered an award, in Physicians' favor, in the amount of $190,438.00.  The award contained no findings of fact or conclusions of law.[4]

Balaguer filed a motion for reconsideration which the arbitrator denied.  He then filed a petition with the trial court seeking to vacate the award on the basis that (i) the arbitrator exceeded her powers under the Agreement when she awarded the shortfall to Physicians, since under the Agreement the shortfall was payable only to Ouellette; and, in doing so, (ii) the arbitrator denied Balaguer due process.  The trial court denied the petition to vacate the award, and this appeal followed.

"Appellate review of orders granting or denying a motion to vacate an arbitration award are governed by 'the same standards as in any ordinary case, whereby findings of fact are reviewed under a competent and substantial evidence

---

[3] The written assignment was executed after Balaguer filed his motion for summary judgment.

[4] The parties agreed the arbitration would involve a "standard" award, in which the arbitrator simply announces a result and need not make findings or provide reasons for the decision.  This is in contrast to a "reasoned award" which, as the name implies, requires an arbitrator to explain the reasoning for the award.  See, e.g., Cat Charter, LLC v. Schurtenberger, 646 F. 3d 836, 844 (11th Cir. 2011).

standard and legal questions are reviewed de novo.'" LaNeve v. Via S. Fla., L.L.C., 908 So. 2d 530, 534 (Fla. 4th DCA 2005).

On appeal, Balaguer again contends that the arbitrator in the instant case exceeded her powers pursuant to section 682.13(1)(d), Florida Statutes, which governs vacating an arbitration award.[5]  "An arbitrator exceeds her power when she 'goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration.'" LaNeve, 908 So. 2d at 534 (quoting Commc'ns Workers of Am. v. Indian River County Sch. Bd., 888 So. 2d 96, 99 (Fla. 4th DCA 2004)).

Balaguer has not provided a transcript of the arbitration hearing, and the arbitrator's award and order denying reconsideration (and the trial court's final judgment confirming the award and its order denying the petition to vacate) provide no basis to conclude that this issue was actually raised and preserved.  This failure is fatal to the appeal, as there is not a sufficient record before us to reach the merits of Balaguer's claim that the arbitrator exceeded her powers under the Agreement when she awarded the shortfall to Physicians.  We are unable to determine from this record what evidence was introduced at the hearing, what

[5] Section 682.13 states:

> (1) Upon motion of a party to an arbitration proceeding, the court shall vacate and arbitration award if:
> …
> (d)  An arbitrator exceeded the arbitrator's powers….

arguments were raised or waived at the hearing, or what issues may have been tried by the consent of the parties.[6]   We find no merit in the other claim raised by Balaguer in this appeal.

Affirmed.

---

[6] As indicated <u>supra</u>, Balaguer had filed a motion for summary judgment contending that because Physicians was not the party to whom any shortfalls were payable under the Agreement, Balaguer was entitled to judgment in his favor. Balaguer withdrew the motion, reserving the right to raise it at the final hearing. However, there is no record evidence that this issue was in fact raised at the final hearing.  The only "evidence" that this issue was raised and preserved was Balaguer's post-award motion, which contains the same arguments made by counsel in his (previously withdrawn) motion for summary judgment.  There is nothing in the arbitration award, or the final orders of the trial court, to indicate that Balaguer in fact raised and preserved the issue at the final hearing.  It is beyond peradventure that a bare allegation in a motion is not a substitute for the requirement of an adequate record to establish that an issue has been properly raised and preserved for appellate review.  In this fashion, we find distinguishable the case of <u>Chaiken v. Suchman</u>, 694 So. 2d 115 (Fla. 3d DCA 1997), relied upon by Balaguer.