388 So.2d 638 (1980)
Eugene M. and Sylvia HAMILTON, Husband and Wife, Appellants,
v.
PALM CHEVROLET-OLDSMOBILE, INC., a Florida Corporation, and Berry Brannon, Appellees.
No. 80-408.
District Court of Appeal of Florida, Second District.
September 26, 1980.
*639 Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for appellants.
Lester E. Durst of Farr, Farr, Haymans, Moseley & Emerich, Punta Gorda, for appellees.
SCHEB, Chief Judge.
Appellants sued appellees charging them with deceptive trade practices under Chapter 501, Part II, Florida Statutes (1977), the Florida Deceptive and Unfair Trade Practices Act. The jury returned a verdict for appellees. The trial court entered final judgment for appellees and awarded them $5,500 in attorney's fees.
Appellants now contend that the court improperly included services of appellees' attorneys in defending appellants' claim of punitive damages. Under Section 501.2105 of the Act, appellees, as prevailing parties, were entitled to have the court assess fees in their favor. Attorneys for appellees, however, submitted an itemization which included services beyond the scope of proceedings under Chapter 501, Part II. It appears that the trial court included payment for these services in awarding fees. In doing so, it erred. Kittel v. Kittel, 210 So.2d 1 (Fla. 1967).
Accordingly, we vacate the order awarding attorneys' fees, and direct the trial court to conduct a new hearing to determine a reasonable fee for appellees' attorneys based on their services in defense of appellants' claims under Chapter 501, Part II. Otherwise, we affirm the judgment of the trial court.
GRIMES and CAMPBELL, JJ., concur.