410 So.2d 534 (1982)
J.L. LaFERNEY, Appellant,
v.
SCOTT SMITH OLDSMOBILE, Inc., Appellee.
No. 81-331.
District Court of Appeal of Florida, Fifth District.
February 3, 1982.
Rehearing Denied March 1, 1982.
Elsie T. Apthorp and Jack B. Nichols of Jack B. Nichols, P.A., Orlando, for appellant.
Jeffrey C. Fulford of Adams & Hill, Orlando, for appellee.
SHARP, Judge.
Based on the record before this court, we think the trial court abused its discretion in failing to award a reasonable attorney fee pursuant to section 501.2105, Florida Statutes (1979), for the service rendered by counsel to J.L. LaFerney in its suit against Scott Smith Oldsmobile, Inc. Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla.3d DCA 1979). The appellee did not challenge the reasonableness of the *535 number of hours spent on the case by appellant's attorney before the trial court. Appellee offered no expert witness or testimony of his own to show appellant's hours were unreasonable, and in fact, he admitted his own hours in the case were 60.25 hours. Considering the outcome of the case, and the greater effort usually required by representing a plaintiff as opposed to a defendant, the appellant's 90.5 hours[1] do not appear excessive. The appellee's primary attack on the fee award was that appellant had not allocated his time records to show specifically only his work on the deceptive trade practice count.
The appellant filed a five-count complaint against Scott Smith. The first count alleged that appellee had committed a deceptive trade practice under Chapter 501 by breaching its contract to sell to appellant a diesel automobile, refusing to return appellant's two hundred dollar ($200.00) deposit, and making various deceptive and false statements to appellant. All of the other four counts were based on the same basic facts and transactions, restated in other theories or forms of causes of action: Count II  breach of sales contract under the UCC; Count III  conversion; Count IV  common law breach of contract; Count V  fraud. Early in the pleading stage of this litigation the court dismissed the UCC count and the conversion count. After a non-jury trial, the court found in appellant's favor on the deceptive trade practice and common law breach of contract counts, and for appellee on the fraud count because appellant failed to prove intent to deceive on the part of appellee when the contract was entered into.
Pursuant to section 501.2105, counsel for appellant filed an affidavit showing his law firm had expended 107.1 hours[2] on the case. Another attorney testified from an examination of the time records and the file that eight thousand twenty-five dollars ($8,025) would be a reasonable attorney fee in this case. He reached this opinion by multiplying seventy-five dollars ($75.00) per hour times one hundred seven and one-tenth hours (107.1). He also said the deceptive trade practice aspects presented some unusual and difficult legal issues. No counter-affidavits or opposing testimony was offered by appellee.
On cross-examination appellee attacked both appellant's counsel and his expert witness on the ground they had failed to allocate what part of the lawyer hours were attributable to the deceptive trade practice claim as opposed to the others. Both testified that the causes of action were so interwoven and intermingled, since they were based on the same facts or transactions, they could not separate out the time for count one alone. This testimony was also not countered by appellee. Counsel for appellant said he estimated only ten percent (10%) to fifteen percent (15%) of the time was related to matters not dealing with count one. When pressed as to how he arrived at that estimate, the attorney said (although he disputes he said it "on the record") it was "by guess and by golly." The trial court said it could not base an award of attorney's fees on "guessing," so he would allow only one-fifth (1/5) of the fee amount for attorney's fees since there was originally a five-count complaint filed in the case.
Appellee argues the appellant had the burden of maintaining time records which specifically allocated effort spent on count one as opposed to the others. In United Services Automobile Association v. Kiibler, 364 So.2d 57 (Fla.3d DCA 1978), the court held an attorney's fee award could only be allowed on the "coverage" issue as opposed to the "liability" issue under section 627.428, and reversed and remanded the award for failure to make that allocation. Similarly in Hamilton v. Palm Chevrolet-Oldsmobile, Inc., 388 So.2d 638 (Fla.2d DCA 1980), the court reversed an attorney fee award under section 501.2105 because it included time spent on a punitive damage *536 claim, which is outside the scope of Chapter 501.
However, in this case, the testimony and the pleadings themselves show there was really only one transaction or set of facts which gave rise to all five "theories" in the complaint; and in proving the deceptive trade practice, the appellant also proved part of the fraud count and all of the breach of contract count. As appellant points out, proof of a deceptive trade practice under Chapter 501 may well, and frequently does, involve proof of breach of contract and fraud or misrepresentation.[3] It is analogous to the prosecution in a criminal case proving commission of a greater felony, and in so doing proving up lesser included offenses. Based on this record, the reduction of the fee by eighty percent (80%) does not appear reasonable or justified. At most it should have only been reduced by fifteen percent (15%), based on appellant's attorney's admission.
Appellee also justifies the fee award on the ground that the appellant recovered a relatively small amount of damages in proportion to the fees established.[4] This view should be completely rejected in the context of Chapter 501. The Florida Deceptive Trade Practices Act depends for enforcement on its "enforcing authority" and the injured consumers. If, because of the small sums involved, consumers cannot recover in full their attorney fees, they will quickly determine it is too costly and too great a hassle to file suit, and individual enforcement of this act will fail.[5] The First District Court of Appeal said in Marshall v. W. & L. Enterprises Corp., 360 So.2d 1147, 1148 (Fla. 1st DCA 1978):
The obvious purpose of the `little FTC Act' is to make consumers whole for losses caused by fraudulent consumer practices... . These aims are not served if attorney fees are not included in the protection.
We remand this cause for an award of a reasonable sum for attorney fees, which in our judgment should be between four thousand three hundred dollars ($4,300) and five thousand eight hundred dollars ($5,800).[6]
REVERSED and REMANDED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Counsel's affidavit shows an incorrect total of 107.1 hours; the line items add up to only 90.5 hours.
[2] See n. 1, supra.
[3] See Fla. Admin. Code: Rules 2-11.06; 2-12.05; 2-13.02; 2-15.03; 2-16.04; 2-17.04; 2-19.03; 2-19.05.
[4] Compensatory damages were two thousand six hundred sixty-five dollars and thirty-one cents ($2,665.31); however, we do not consider that dispositive of the legal effort involved.
[5] See Kessler v. Associates Financial Services Co., 639 F.2d 498 (9th Cir.1981); McGowan v. Credit Center of North Jackson, Inc., 546 F.2d 73 (5th Cir.1977); Brown v. Culpepper, 559 F.2d 274 (5th Cir.1977).
[6] The higher figure is derived by taking the number of proven hours ninety and five tenths (90.5), multiplying by the expert's opinion of a reasonable rate seventy-five dollars ($75.00), and subtracting the fifteen percent (15%) counsel admits was spent on other matters. The lower figure is derived by subtracting twenty-five percent (25%) from the higher figure based on the trial court's finding that the reduction was warranted because of delay attributed to appellant's counsel. Because determining a reasonable legal fee will never become an exact science all figures are rounded.