449 So.2d 898 (1984)
John NOLAN and Jan Nolan, Appellants,
v.
Douglas L. ALTMAN, a/K/a Altman Industries: A.C.R.R. Specialties, Altman's Commercial & Residential Renovation Quality Commercial & Residential Painting, Appellees.
No. AT-479.
District Court of Appeal of Florida, First District.
April 13, 1984.
Rehearing Denied May 17, 1984.
*899 Jack M. Ross, Gainesville, for appellants.
Frederick D. Smith, McGalliard, Mills, de Montmollin & Smith, Gainesville, for appellees.
ERVIN, Chief Judge.
Appellants, the Nolans, appeal an order awarding attorney's fees to Appellee, Altman, and contend the trial court erred in entering the award first, because the Nolans had taken a voluntary dismissal of the underlying civil action and, second, that such award was premature where the specific statutory authority for attorney's fees precludes an award until after entry of judgment and exhaustion of appeals. We agree with the second point raised and reverse.
In 1978 and 1979, the Nolans and Altman entered into a series of contracts in which Altman, allegedly a general contractor, agreed to make various repairs and renovations in the Nolans' home. The work was not to the Nolans' satisfaction and they later filed an action seeking damages for deceptive trade practices, fraud, breach of contract and breach of implied and express warranties. In early 1983, the Nolans obtained new counsel who moved to amend the thrice-amended complaint. Upon denial of the motion, the Nolans filed a notice of voluntary dismissal of the entire cause and immediately instituted a new case based on the same claims. Altman then sought attorney's fees pursuant to section 501.2105, Florida Statutes[1] and costs, on the theory *900 that it was the prevailing party in the original action. The trial court, agreeing with Altman's position, granted the motion and awarded fees and costs.
The Nolans first contend the trial court erred in awarding attorney's fees because the voluntary dismissal of the original action divested the trial court of jurisdiction to enter any orders in that case on the basis of Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). Although prior opinions of this court have interpreted Randle as precluding attorney's fee awards subsequent to voluntary dismissal, see Knight v. County of Alachua, 396 So.2d 846 (Fla. 1st DCA 1981) and Mannion v. Mannion, 414 So.2d 598 (Fla. 1st DCA 1982), the Florida Supreme Court has now held that "when the legislature has specifically defined attorney's fees as part of the costs, then the assessment of attorney's fees after a case has been voluntarily dismissed is within the purview of Rule 1.420(d)." Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984). At issue in Wiggins was section 61.16, Florida Statutes, which provides that a court may award "a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending" proceedings relating to dissolution of marriage. At issue here is section 501.2105, which similarly provides for the recovery of "reasonable attorney's fees and costs." Applying Wiggins, we conclude that the trial court had jurisdiction to consider Altman's motion for attorney's fees after the underlying action was voluntarily dismissed by the Nolans.
We find, however, that despite the court's proper retention of jurisdiction to consider such issue, it erred in finding Altman to be the prevailing party for purposes of recovering attorney's fees pursuant to section 501.2105, allowing the prevailing party the right to recover attorney's fees in an action brought under Florida's Deceptive and Unfair Trade Practices Act, sections 501.201-501.213, Florida Statutes, only "after judgment in the trial court and exhaustion of all appeals, if any." (e.s.) As with all statutes providing for the recovery of attorney's fees, this section is in derogation of common law and must be strictly construed. Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501, 505 (Fla. 1982). Unlike most statutory provisions for attorney's fees, section 501.2105 "clearly contemplates a two-step procedure under which judgment is first entered on liability, and then, after any appeals, attorney's fees are awarded." B & L Motors, Inc. v. Bignotti, 427 So.2d 1070, 1072 (Fla. 2d DCA 1983) (e.s.). Accord Jeffcoat v. Heinicka, 436 So.2d 1042 (Fla. 2d DCA 1983). Altman has cited several Florida cases in which parties seeking attorney's fees, after the entry of voluntary dismissal, have been considered "prevailing parties" for purposes of awarding attorney's fees, notwithstanding that the action had not yet been resolved on its merits.[2] *901 We do not, however, consider that these factually distinguishable cases control over the case at bar in that section 501.2105 clearly and unambiguously precludes an award of attorney's fees until after a judgment has been entered by the trial court and the appellate process, if any, has run its course. An award of fees in a case such as this case in which no judgment had been entered was erroneous and requires reversal.
REVERSED and REMANDED for further consistent proceedings.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] Section 501.2105 provides, in part:

(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.
(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.
(e.s.)
[2] For example, parties seeking attorney's fees have been held to have "prevailed" for purposes of awarding such fees, prior to resolution of the merits of the cases, where they have challenged the actions of public employers before the Career Service Commission, see State, Department of Health and Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982); have alleged failure to comply with provisions of condominium associations, see Dolphin Towers and Condominium Association, Inc. v. Del Bene, 388 So.2d 1268 (Fla. 2d DCA 1980); have shown a complete absence of justiciable issues, see MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); and have sought to enforce mechanic's liens, see Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975); Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974). We do not find the result reached in those cases to be controlling here where, unlike the statutes relied upon in those cases, the statutory authority for attorney's fees expressly precludes the award of such fees until "after judgment in the trial court and exhaustion of all appeals."

Altman also cites Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982), in which the district court concluded that the trial court erred in not granting attorney's fees pursuant to section 501.2105. That case is distinguished from the case at bar, however, because there fees were sought after the trial court had entered a judgment on the pleadings in favor of the defendant. Because no such judgment was entered in this case, fees were improperly awarded.