476 So.2d 266 (1985)
Kenneth HEINDEL, Appellant,
v.
SOUTHSIDE CHRYSLER-PLYMOUTH, INC., Universal Underwriters Insurance Co., and Ray Mixon, Appellees.
No. AY-365.
District Court of Appeal of Florida, First District.
September 30, 1985.
*267 Harris Brown of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellant.
William T. Stone of Coker, Myers & Schickel, P.A., Jacksonville, for appellees.
ZEHMER, Judge.
Kenneth Heindel, plaintiff below, appeals a final judgment awarding him damages in his civil action against defendants, Southside Chrysler-Plymouth, Inc. (Southside), and its insurer, complaining that the judgment erroneously allowed attorney's fees to appellees under section 501.2105, Florida Statutes (1983). Southside cross appeals, urging that the court erred in awarding lost profits to Heindel. We affirm in part and reverse in part.
For several years prior to 1980, Heindel operated an unincorporated business for the purpose of purchasing "wrecked cars," repairing such cars, and reselling them for a profit. In 1980 Heindel purchased an Oldsmobile for $3,000 through this business, purchased some parts for repairing the vehicle, and in May of that year delivered the vehicle and parts to Southside for repairs. In early 1981 Heindel recovered his car from the repair shop and found that the expected repairs had not been completed. He eventually sold the vehicle for $1,400 salvage value.
Based on this single transaction, Heindel sued Southside for damages on alternative theories of bailment, breach of contract, and deceptive trade practices in violation of chapter 501, part II, Florida Statutes (1983). Appellant also sued Ray Mixon as the alleged owner of Southside. Appellant sought damages for loss of value of the automobile and lost profits on the expected resale. Ray Mixon obtained final summary judgment in his favor on all counts upon a showing that he no longer held an ownership interest in Southside.
A jury trial was held October 3, 1983, and at the conclusion of Heindel's case in chief, Southside moved for a directed verdict as to the deceptive trade practices claim on grounds that no "consumer transaction" was involved within the meaning of section 501.203, Florida Statutes (1983), and that there was insufficient evidence of unfair or deceptive activity. Heindel countered the motion by arguing that this was a "consumer transaction" because he purchased the car for personal use and eventual *268 resale. The court ruled this was not a consumer transaction and granted the motion for directed verdict. The jury then returned a verdict for Heindel on the breach of contract and bailment claims, awarding "difference in value" damages of $1,500 and "lost profit" damages of $3,147.25, for a total of $4,647.25. Final judgment was entered December 16, 1983, and Southside filed a motion for rehearing together with a motion to tax attorney's fees and costs. Ray Mixon also moved for an award of attorney's fees. On March 28, 1984, the court entered an order on the authority of section 501.2105 granting $500 attorney's fees to Ray Mixon and $3,000 to Southside and its insurer. The motion for rehearing was denied and this appeal was filed.
The first issue on appeal is whether the court erred in granting appellees a directed verdict on the deceptive and unfair trade practices count. We affirm the court's ruling that the evidence was insufficient as a matter of law to establish that the partial repair of Heindel's automobile by Southside was a "consumer transaction" within the meaning of section 501.203. This section defines "consumer transaction" as follows:
"Consumer transaction" means a sale, lease, assignment, award by chance, or other disposition of an item of goods, a consumer service, or an intangible to an individual for purposes that are primarily personal, family, or household or that relate to a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged, or a solicitation by a supplier with respect to any of these dispositions.
Hence, an automotive repair service obtained in connection with a business activity in which plaintiff has previously engaged is excluded from this definition. Darrell Swanson Consolidated Services v. Davis, 433 So.2d 651 (Fla. 1st DCA 1983). The record reveals that appellant purchased the vehicle in question through his automobile resale business, paid for it by check on his business account, and contemplated resale of the car once it was repaired. That this transaction was primarily related to plaintiff's business endeavors, rather than a vehicle required for personal use, is clearly demonstrated by Heindel's claim for lost profits from the sale of the car. The fact that Heindel might have put the car to temporary personal use before reselling it did not change the nature and purpose of the transaction into a consumer transaction.
The second issue raised by appellant is whether the court erred in awarding attorney's fees under section 501.2105 prior to exhaustion of this appeal. Appellees have conceded error on this point. Section 501.2105 provides that any attorney's fees shall be awarded "after judgment in the trial court and exhaustion of all appeals, if any," so we must vacate the award of fees to both Southside and Ray Mixon as premature. Nolan v. Altman, 449 So.2d 898 (Fla. 1st DCA 1984).
The third issue is whether defendants were the "prevailing party" within the meaning of section 501.2105. The pertinent portions of section 501.2105 read as follows:
(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhausation of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit. [Emphasis added.]
*269 We begin our analysis with the reminder that awards of attorney's fees are in derogation of the common law, and statutes allowing for such fees shall be strictly construed. B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983); Nolan v. Altman, 449 So.2d 898. Section 501.2105 specifically provides that the prevailing party shall receive reasonable attorney's fees "after judgment in the trial court and exhaustion of all appeals." It is manifest, therefore, that to recover attorney's fees a party must obtain a "judgment" from the trial court. In Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982), the plaintiff brought an action pursuant to chapter 501, part II, in which the trial court entered a "judgment on the pleadings" in favor of the defendant because the transactions described in the complaint were not covered by the provisions of chapter 501. The Third District Court of Appeal held that even though the act was inapplicable because no consumer transaction was involved, the defendant was nevertheless entitled to an attorney's fee under section 501.2105 because it received the judgment.[1] Likewise, in Nolan v. Altman, 449 So.2d 898, we stressed the necessity for both the entry of judgment and the exhaustion of appeals before attorney's fees could be awarded under chapter 501. Id. at 900, note 2. See also Marchion Terrazzo, Inc. v. Altman, 372 So.2d 512 (Fla. 3d DCA 1979); Johnny Crews Ford, Inc. v. Llewellyn, 353 So.2d 606 (Fla. 2d DCA 1978).
In the present case Southside was ruled not liable under chapter 501, but no judgment was entered thereon because Southside did not allege and establish any affirmative claim for relief. Only the damage judgment pursuant to the jury verdict for Heindel was entered against Southside. Since Southside did not obtain a judgment in its favor, it is not entitled to recover attorney's fees under section 501.2105.
This construction of section 501.2105, requiring that a judgment be entered favorable to the party claiming attorney's fees, is supported by the Supreme Court's recent decision in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983), construing section 57.041(1), Florida Statutes (1979). In that case plaintiffs sued Hendry Tractor Company in alternative counts for negligence and breach of warranty/strict liability. By special verdict, the jury found Hendry liable on the negligence count but not liable on the breach of warranty/strict liability count and awarded damages to plaintiffs. Final judgment was entered on this verdict. The trial court taxed costs in favor of plaintiffs in the amount of $3,650.54, but also taxed costs for Hendry in the amount of $10,623.06, reasoning that because Hendry had prevailed on the warranty/strict liability count it should be awarded costs for that particular portion of the litigation. Section 57.041(1) provided that "the party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment." Noting that plaintiffs had properly pled alternative theories of recovery based on a single transaction, as authorized by the rules of civil procedure, and that Hendry established no claims against plaintiffs, and placing emphasis on the statutory phrase "the party recovering judgment" shall recover costs, the Supreme Court held that "[n]et judgment was, without doubt, rendered in favor of the plaintiffs/Fernandezes" and that they were "clearly the parties recovering judgment and should be awarded costs." Id. at 1316. The Court summarized its holding in these words:
[W]e find that a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the `party recovering judgment' for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs.
Id. Similary, Heindel sued Southside on alternative legal theories based on a single *270 transaction and recovered a judgment for damages because he prevailed on two of the three counts alleged. Southside did not recover a judgment because the net judgment was in Heindel's favor. Accordingly, Southside was not entitled to attorney's fees because it was not the "prevailing party" recovering judgment under section 501.2105.[2]
Although the statutory language in section 713.29, Florida Statutes (1983), providing for attorney's fees in mechanic's lien cases, is somewhat different from that in section 501.2105, both contemplate the award of fees only to a prevailing party. Where a defendant owner successfully defends a mechanic's lien foreclosure, but is held liable in damages for breach of contract, the defendant is not the prevailing party and is not entitled to recover attorney's fees under section 713.29. Emery v. International Glass & Mfg. Inc. 249 So.2d 496 (Fla. 2d DCA 1971); First Atlantic Building Corp. v. Neubauer Construction Co., 352 So.2d 103 (Fla. 4th DCA 1977); General Development Corp. v. John H. Gossett Construction Co., 370 So.2d 380 (Fla. 2d DCA 1979). The Emery court addressed this issue as follows:
We come now to the question of attorney's fees as raised by appellants' second point. Section 713.29, Florida Statutes 1969, F.S.A., provides as follows:
"In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs."
It is patently the thrust of appellants' argument that since they prevailed in the mechanics' lien aspect of this `action' they are entitled to recover attorneys' fees pursuant to this section notwithstanding that they did not ultimately prevail in the legal aspect. This position is untenable.
In the first place, the statute in question is embraced within the mechanics' lien law and should be considered in context with the purpose and other provisions thereof. In this frame of reference it was obviously not the intent of the legislature to award attorneys' fees to a defendant in a mechanics' lien foreclosure merely because he successfully defends against the impression of a lien yet is nevertheless found liable in damages, in the same case, for labor and/or materials furnished for his benefit. To conclude otherwise would be anathema to the purpose of the mechanics' lien law which is to afford the laborer or materialman adequate assurance of being fully compensated for his labor or services. The entire statute is essentially for the benefit of a claimant, not a defendant; and the section providing for attorneys' fees is primarily calculated to preclude any diminution of the claimant's full compensation for which he is suing while, at the same time, discouraging specious claims or defenses.
Likewise, to fully answer the question posed, a claimant is not entitled to attorneys' fees under the section before us, notwithstanding that he ultimately prevails in the case, unless the mode and substance of his recovery is as expressly provided for within the lien law itself. We conclude therefore that the trial judge was correct in not awarding attorneys' fees to either of the parties to this cause.
The reasoning of these decisions is likewise supportive of our decision and construction of section 501.2105 in this case.
In summary, we hold that to recover attorney's fees a party must (1) recover judgment on the chapter 501, part II claim, and (2) recover a net judgment in the entire case. Because neither Heindel nor Southside *271 meets this two-part test, they are not entitled to fees under section 501.2105.
Appellant's fourth argument is that the trial court erred in awarding attorney's fees without distinguishing what fees were incurred in defense of the deceptive trade practice count and what fees were incurred in defense of the other counts. Because we hold that neither Heindel nor Southside is entitled to recover attorney's fees in this action, this issue is moot as to them. We must discuss this issue, however, because defendant Mixon is entitled to a fee, as discussed hereafter.
Section 501.2105(1) provides that "in any civil litigation resulting from a consumer transaction involving a violation of this part" the prevailing party may recover attorney's fees. Subsection (2) of the statute provides that the prevailing party shall submit a sworn affidavit of his time spent "on the case" as the basis for the award. Finally, subsection (3) of the statute provides that the trial judge shall award costs and fees for the hours actually spent "on the case." We believe the use of this quoted language in section 501.2105 contemplates recovery of attorney's fees for hours devoted to the entire litigation or civil case and does not require allocation of attorney time between the chapter 501 count and other alternative counts based on the same consumer transaction unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.
In arguing for the necessity of apportionment, appellant relies upon Hamilton v. Palm Chevrolet-Oldsmobile, Inc., 388 So.2d 638 (Fla. 5th DCA 1980), and LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982). In Hamilton appellants sued appellees for violating chapter 501 and sought punitive damages. Final judgment was entered for appellees and they were awarded attorney's fees under section 501.2105. On appeal the court held that fees for the attorney's services in defending against the punitive damages claim were improperly included in the amount of the award because the recovery of punitive damages is clearly beyond the scope of proceedings under chapter 501, part II.
In LaFerney the plaintiff filed a five-count complaint based on a consumer transaction, including one count charging a violation of chapter 501. Judgment was entered in favor of plaintiff on the chapter 501 count and the breach of contract count, but the defendant prevailed on the other counts. Plaintiff filed a motion for attorney's fees under section 501.2105; and at the attorney's fees hearing, plaintiff's counsel testified that the five causes of action were so interwoven and intermingled, since they were based on the same facts and transactions, that it was not feasible to separate out the time spent on the chapter 501 count alone. Plaintiff's counsel then admitted, however, that he probably spent ten to fifteen percent of his time on matters not dealing with the chapter 501 claim. The trial court determined a total amount of fees for services and awarded only one-fifth of that amount as recoverable under section 501.2105, reasoning that there were originally five counts filed in the case and the chapter 501 count was only one of the five. The appellate court reversed, stating:
However, in this case, the testimony and the pleadings themselves show there was really only one transaction or set of facts which gave rise to all five `theories' in the complaint; and in proving the deceptive trade practice, the appellant also proved part of the fraud count and all of the breach of contract count. As appellant points out, proof of a deceptive trade practice under Chapter 501 may well, and frequently does, involve proof of breach of contract and fraud or misrepresentation. It is analogous to the prosecution in a criminal case proving commission of a greater felony, and in so doing proving up lesser included offenses. Based on this record, the reduction of the fee by eighty percent (80%) does not appear reasonable or justified. At most it should have only been reduced by fifteen percent *272 (15%), based on appellant's attorney's admission. [Footnote omitted.].
We hold, therefore, that in actions containing a deceptive trade practices count and one or more alternative theories of recovery, all based on the same transaction, no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the 501 claim or it is shown that the services related to issues, such as punitive damages, which were clearly beyond the scope of a 501 proceeding.
The fifth issue raised by appellant is that the $500 attorney's fee awarded to Ray Mixon was improper and excessive. Since Mixon was joined as a defendant based on plaintiff's erroneous belief that Mixon was the owner of Southside, Mixon obtained a final summary judgment on all counts upon proof that he was no longer an owner. The award of attorney's fees to Mixon was entirely proper since he prevailed on the chapter 501 claim and received a favorable judgment on the entire case. We must reverse the award, however, and remand for redetermination of the amount of the fee because there is no competent, substantial evidence in the record to support the $500 fee awarded.
On cross appeal Southside contends the trial court erred in allowing plaintiff to recover lost profits. Because of the way the matter was argued to the jury, it is clear that describing damages recovered as lost profits is a misnomer. Plaintiff did not ask for lost profits of an ongoing business, but sought only to recover the difference between the estimated value of the vehicle after repairs and the cost to the plaintiff. It is apparent that the jury, by its verdict, was only attempting to give the plaintiff the full benefit of the bargain, which was a proper measure of damages in this case. The error, if any, in characterizing this difference as "lost profits" is harmless.
The award of attorney's fees to Southside is reversed. We affirm Ray Mixon's entitlement to fees, but remand for redetermination of the amount. The damage award to plaintiff is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, C.J., and SHIVERS, J., concur.
NOTES
[1] See also Brown v. Gardens by the Sea South Condominium Ass'n., 424 So.2d 181 (Fla. 4th DCA 1983).
[2] Obviously, though Heindel is the prevailing party obtaining judgment, he failed to establish the chapter 501 claim and, thus, is not entitled to recover attorney's fees under section 501.2105: Darrell Swanson Consolidated Services v. Davis, 433 So.2d 651 (Fla. 1st DCA 1983); Trexler v. Fiat Motor Co., 400 So.2d 1320 (Fla. 5th DCA 1981); cf. Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla. 2d DCA 1971).