532 So.2d 26 (1988)
Marion E. GARDNER and Essie H. Gardner, Appellants,
v.
NIMNICHT CHEVROLET COMPANY, a CORPORATION, and Universal Underwriters Insurance CO., a Corporation, Appellees.
No. 87-1799.
District Court of Appeal of Florida, First District.
September 9, 1988.
Rehearing Denied November 3, 1988.
*27 William H. Folsom, Jr. of William H. Folsom, Jr., P.A., Jacksonville, for appellants.
Francis H. Sheppard, and Steven C. Davis of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellee Nimnicht Chevrolet Co.
Carl D. Dawson, Jacksonville, for appellees.
SHIVERS, Judge.
Appellants Marion E. and Essie H. Gardner, plaintiffs in the trial court, appeal an order denying their motion for attorney's fees pursuant to section 501.2105, Florida Statutes. We reverse the trial court's denial of attorney's fees.
The appellants purchased a new, 1985 automobile from appellee Nimnicht Chevrolet Company (Nimnicht) on January 8, 1985, for $12,141. After experiencing numerous problems with the car which the dealer was unable to remedy, appellants eventually filed a six-count complaint against Nimnicht, Universal Underwriters Insurance Co., and General Motors Corporation, alleging breach of implied warranty of merchantability, breach of express warranty, violation of the Florida Deceptive and Unfair Trade Practices Act (Chapter 501, Part II), violation of the Magnuson-Moss Federal Warranty Act, violation of the Motor Vehicle Warranty Enforcement Act (Chapter 681), and revocation of acceptance pursuant to section 672.608, Florida Statutes. The deceptive and unfair trade practices count of the complaint contained several separate paragraphs alleging violations of Rules 2-19.04(2), 2-19.05(6), 2-19.05(7), 2-19.04(6), and 2-19.04(7), Florida Administrative Code. Appellants voluntarily dismissed the deceptive trade practices count against General Motors after General Motors filed a motion for partial summary judgment, and the case proceeded to trial on the remaining counts.
During trial, the court granted a directed verdict in favor of Nimnicht on the breach of implied warranty, breach of express warranty, and Magnuson-Moss counts, and on all allegations under the deceptive trade practices count except the alleged violation of Rule 2-19.04(7), F.A.C.[1] The jury returned a verdict against Nimnicht on the revocation of acceptance count in the amount of $17,349.73 and on the deceptive trade practices count in the amount of $1.00. The court later entered an order of remittitur based on the jury's having awarded $1,800.58 above the amount requested by plaintiffs on the revocation of acceptance count.
On July 17, 1987, appellants filed a notice of election of remedy of revocation, specifically stating therein that they did not intend to abandon their right to attorney's fees and costs pursuant to section 501.2105 of the Deceptive and Unfair Trade Practices Act. Three days later, the trial court entered final judgment on the claim for revocation of acceptance; however, no judgment was ever entered on the $1.00 deceptive trade practices verdict. Appellants subsequently filed a motion to tax costs and attorney's fees and, after hearing, the trial court denied the motion on the basis that appellant had elected the remedy of revocation of acceptance and that attorney's fees were not recoverable under either the revocation of acceptance statute or under the appellants' contract with Nimnicht.
*28 Section 501.2105(1) of the Florida Deceptive and Unfair Trade Practices Act provides:
In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
Section 501.203(5) defines "violation of this part" as meaning either a violation of the provision of the Deceptive and Unfair Trade Practices Act or a violation of any rule promulgated pursuant to the Act. Further, section 501.213 states that the remedies of the Act are in addition to those remedies otherwise available for the same conduct under either state or local law.
One of the remedies otherwise available to the appellants in this case was revocation of acceptance under section 672.608, Florida Statutes. Count Five of the complaint, in which the appellants sought revocation of acceptance, specifically realleged and was partially based on paragraph 14 of the complaint, in which appellants had alleged specific violations of the Deceptive and Unfair Trade Practices Act, including the violation of Rule 2-19.04(7), F.A.C. Therefore, not only did the jury find in its verdict that Nimnicht had violated the Act by violating Rule 2-19.04(7), but their finding that the appellants were entitled to revocation of acceptance was also at least partially based on Nimnicht's having violated the Act by violating Rule 2-19.04(7). Although the appellants elected the remedy of revocation of acceptance instead of the $1.00 verdict rendered on the deceptive trade practices count, they were the prevailing parties, after judgment, in a civil litigation resulting from a violation of the Act and, therefore, were entitled to attorney's fees and costs under the plain language of section 501.2105.
Appellees argue on appeal that this court's holding in Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985) mandates affirmance in the instant case, since appellants did not technically recover a judgment on the Chapter 501, part 2 claim. We disagree. The issue in Heindel was whether the defendant was entitled to attorney's fees under 501.2105 where the trial court had granted a directed verdict in defendant's favor on the deceptive trade practices count of plaintiff's complaint, but the jury had returned a verdict in favor of plaintiff on the remaining counts of bailment and breach of contract. Because the defendant had prevailed on directed verdict, but no judgment had been entered in its favor, we concluded that it was not entitled to attorney's fees under section 501.2105, and stated: "[i]n summary, we hold that to recover attorney's fees a party must (1) recover judgment on the Chapter 501, part 2 claim, and (2) recover a net judgment in the entire case." 476 So.2d at 270. Our holding in Heindel does not conflict with the plain language of section 501.2105(1) that a prevailing party is entitled to attorney's fees and costs "in any civil litigation resulting from a consumer transaction involving a violation of this part... ." (emphasis supplied)
Finding appellants' recovery in this matter to be encompassed within the language of section 501.2105(1), we reverse the trial court's denial of their motion for attorney's fees and remand.
REVERSED and REMANDED.
THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] Rule 2-19.04(7), Florida Administrative Code, provides:

It shall be an unfair or deceptive act or practice for a motor vehicle repair shop to:
(7) Make any departure from or disregard accepted trade standards for good and workmanlike repair in any material respect.