PLEUS, J.,
concurring and concurring specially.
I write to concur in the opinion of this court only to discuss what I perceive to be *668 the main issue in this case. The case involves the churning of a stock brokerage account in violation of Chapter 517. The main issue is whether the trial court erred as a matter of law by applying a multiplier of two to the lodestar award of attorney’s fees.[1] There really is no dispute over the lodestar amount.
As lawyers and judges all know, the leading case on the use of a contingency multiplier to enhance the lodestar fee is Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). In Quanstrom, Justice Overton set forth three categories of contingency fee cases. The first category, which applies in this case,[2] relates to public policy enforcement cases or cases which rely on statutes designed to encourage individual citizens to bring civil actions that enforce statutory policy. Clearly, Chapter 517 is statutory policy and section 517.211(6), which allows recovery of attorney’s fees, encourages individual citizens to bring civil actions that enforce that policy. See also, LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982).
Later, in Lane v. Head, 566 So.2d 508 (Fla.1990), Justice Overton attempted to clarify his earlier opinion in Quanstrom. In a special concurrence, Justice Overton noted that enhancement in public policy enforcement cases should be limited to cases in which the applicant for a multiplier can establish that without adjustment for risk the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market.
The able trial judge in this case conducted an extensive hearing on attorney’s fees and heard expert testimony which justifies a multiplier. Based on the testimony of respected expert witnesses, Judge Rouse determined the relevant market did require a multiplier in order for a plaintiff to obtain competent counsel.
The relevant factors in this case which demonstrate need for a multiplier are:
1. It is difficult to prove fraud in securities cases such as this case.
2. The amount of damages is difficult to establish and the amount of the award is often small.
3. Cases such as this one frequently result in rigorous defenses.
4. Cases must proceed first to arbitration.
5. The arbitration process is time-consuming.
6. There are few attorneys competent to take these cases.
7. Cases against brokerage firms require large outlays of costs which most lawyers cannot afford and are unwilling to advance.
It was abundantly obvious to the trial court, as it is to me, that without the incentive of a multiplier, clients who have been victimized by violation of Chapter 517 may not be able to obtain legal services.
The trial court correctly applied the appropriate multiplier.

. Chapter 517.211(6), Florida Statutes, allows for attorney fees to the prevailing party.

. The other two categories, tort/contract cases and family law/eminent domain/estate trust cases, do not apply here.