SALTER, J.
Bull Motors, LLC, doing business as Maroone Ford of Miami (Maroone), appeals an award of attorney’s fees and costs totaling $62,000.00 in a consumer arbitration case in which the appellee, Ms. Borders, was awarded $5,626.00. We affirm.
The arbitrator found that Maroone had violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)[1] and that Ms. Borders was the prevailing party for purposes of FDUTPA’s attorney’s fee provision.[2] Ultimately, both parties retained and deposed opposing expert witnesses regarding Ms. Borders’ attorney’s billings, hourly rate, and results obtained. The trial court reviewed those transcripts and exhibits, and then considered legal memo-randa and argument regarding an appropriate award of attorney’s fees and costs at a one-hour hearing.
On appeal, Maroone argues that (1) Maroone prevailed on some of Ms. Borders’ claims, such that an evidentiary hearing and a reduction were required, and (2) the trial court erred in refusing to consider an early settlement proposal by Maroone that exceeded Ms. Borders’ ultimate recovery. On Maroone’s first point, however, the transcript of the attorney’s fee hearing demonstrates that the parties submitted, and the court considered, competent substantial evidence (expert witness deposition transcripts, hourly time records, and hourly fees for similar cases). The court reduced the claim for attorney’s fees by over one-half.[3]
*1160 As Maroone did not assert any affirmative claims, and only Ms. Borders obtained a significant benefit sought in her lawsuit, she was the “prevailing party” under Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 809-10 (Fla.1992). FDUTPA’s attorney’s fee provision recognizes the policy of protecting consumers from unfair and deceptive trade practices and the need to attract private attorneys to take such cases by assuring them of a legal fee proportionate to their efforts if their clients prevail. Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 367-68 (Fla.2013). Such an award requires that the client prevail by recovering a judgment and, if there are counterclaims, by recovering a net judgment in the entire case. Id. at 368 (quoting Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 270 (Fla. 1st DCA 1985)). There is no express requirement of proportionality between the amount of the FDUTPA judgment and the attorney’s fees and costs incurred in obtaining that judgment.
Maroone’s second argument is also unpersuasive. Maroone’s offers of judgment addressed Ms. Borders’ claim for equitable relief as well as her claims for damages. The offer of judgment statute, section 768.79, Florida Statutes (2007), does not apply to cases that, as here, involve a general offer seeking release of all claims in the case, both equitable and monetary. Diamond Aircraft Indus., Inc., 107 So.3d at 374.
For these reasons, we affirm the trial court’s orders awarding attorney’s fees and costs to Ms. Borders.

. §§ 501.201-.213, Fla. Stat. (2007).

. § 501.2105, Fla. Stat. (2007).

. For example, over 100 hours of Ms. Borders’ counsel’s tíme expended in opposing arbitration and in unsuccessfully appealing that issue to this Court (Borders v. Bull Mo *1160 tors, LLC, 998 So.2d 612 (Fla. 3d DCA 2008)) were excluded.