ON MOTION FOR REHEARING OF ORDER GRANTING ATTORNEY’S FEES

GROSS, J.
We grant appellant Loren Banner’s motion for rehearing of our order granting appellate attorney’s fees to the defendants below,- who were appellees and cross-appellants in this court. We withdraw our order granting fees and substitute this opinion denying appellate attorney’s fees.
• Case law establishes that where there are multiple theories of liability directed at a set of facts, a defendant is entitled to recover fees for prevailing on a claim-under the Florida Deceptive and Unfair Trade Practices Act, .§■§ 501.201-.213, Florida Statutes (2014) (“FDUTPA”), if it prevails not only- on the FDUTPA claim, but also on all pleaded legal theories, such that it obtains a judgment in its favor on the entire case.
In his lawsuit against the defendants, Banner contended that their conduct violated both FDUTPA and the Florida Consumer Collection Practices Act, §§ 559.55-.785, Florida Statutes (2014) (“FCCPA”). The trial court entered a judgment in favor of Banner on the FCCPA issues; however, the court granted a summary final judgment against Banner on the FDUTPA claim. Both sides appealed. We affirmed the-trial court’s judgments in all respects.
Each side moved for appellate attorney’s fees. Section 559.77 governs fee entitlement under the FCCPA and section 501.2105 controls fee entitlement under FDUTPA. Banner was awarded fees pursuant to section 559.77(2); defendants were awarded fees under section 501.2105.

Defendants are •not entitled to section 501.2105 attorney’s fees because they did not receive a net judgment in their favor

Section 501.2105(1) provides:
In any civil litigation resulting from an act or practice involving a violation of this part ... the prevailing party, after judgment in the . trial court and exhaustion of all appeals, if any, may receive *1135 his or her reasonable attorney’s fees and costs from the nonprevailing party.
The Florida Supreme Court has instructed that, "to recover attorney’s fees in a FDUTPA action, a party must prevail in the litigation; meaning that the party must receive a favorable judgment from a trial court with regard to the legal action, including the exhaustion of all appeals.” Diamond Aircraft Indus., Inc. v. Horowitch, 107 So.3d 362, 368 (Fla.2013) (citing Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266, 270 (Fla. 1st DCA 1985)) (“In summary, we hold that to recover attorney’s fees a party must (1) recover judgment on the chapter 501, part II claim, and (2) recover a net judgment in the entire case.”).
In construing section 501.2105(1), Hein-del has read the statute’s reference to a “judgment” in “civil litigation” to refer to the entire case containing a FDUTPA claim,' such that the “prevailing party” must obtain a favorable judgment in the entire case, and not just the FDUTPA count, to recover FDUTPA fees.
The Heindel plaintiff sued Southside Chrysler-Plymouth over botched auto repairs, “on alternative theories of bailment, breach of contract, and deceptive trade practices in violation of chapter 501.” 476 So.2d at 267. At a jury trial, after Heindel concluded his case-in-chief, Southside successfully moved for a directed verdict ás to the FDUTPA claim, arguing there was no “consumer transaction.” Id. at 267-68. The jury returned a verdict for Heindel on the breach of contract and bailment claims. Id. at 268. Southside moved for attorney’s fees on the FDUTPA claim, which thé court granted pursuant to section 501.2105. Id.
On appeal, the first district focused on whether Southside was the “prevailing party” within the meaning of section 501.2105. Id. The court deterrhined that although Southside was found not liable under chapter 501, “no judgment was entered thereon because Southside did not allege and establish' any affirmative defense for relief_ Since ■ Southside. did not obtain a judgment in its favor, it is not entitled to attorney’s fees- under section 501.2105.” Id. at 269.
In settling on this- interpretation of the statute, the first district looked to the Florida Supreme Court’s decision in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla.1983), construing section 57.041, Florida Statutes (1979).[1]
In Hendry Tractor, the plaintiffs brought alternative counts for negligence and breach of warranty/strict liability. Id. The jury found Hendry Tractor liable for negligence, but not for breach of warranty/strict liability and awarded damages to the plaintiffs. Id. The trial court taxed costs for plaintiffs, but also taxed costs for Hendry Tractor reasoning that, because “Hendry had prevailed on the breach of warranty/strict liability count [it] should be awarded costs for that particular pqrtion of the litigation.” Id. at 1316.
The court in Hendry Tractor noted the plaintiffs had properly pled alternative theories of recovery based on a single transaction and that Hendry established no claims against plaintiffs. Id. Placing emphasis on the statutory wording that “the party recovering judgment” shall recover costs, the court held that “[n]et judgment was, without doubt, rendered in favor of the plaintiffs/Femandezes” and that they were “clearly the parties recovering judgment and' should be awarded costs.” Id.
*1136 Applying the court’s reasoning in Hen-dry Tractor in Heindel, the first district explained:
Heindel sued Southside on alternative legal theories based on a single transaction and recovered a judgment for damages because he prevailed on two of the three counts alleged. Southside did not recover a judgment because the net judgment was in Heindel’s favor. Accordingly, Southside was not entitled to attorney’s fees because it was not the “prevailing party” recovering judgment under section 501.2105.
Id. at 269-70. Ultimately, the first district found- that neither party was entitled to fees under section 501.2105 because to recover fees under the statute “a party must (1) recover judgment on the 501, part II claim, and (2) recover a net judgment in the entire case.” Id. at 270. Neither party met both requirements. Id. at 270-71.
Under the Heindel application of section 501.2105, the defendants in this case are not entitled to a fee, since they did not obtain a favorable judgment in the entire case. See also CrossPointe, LLC v. Integrated Computing, Inc., 2007 WL 1192021 *4 (MLD.Fla. Apr. 20, 2007) (where the court relied on Heindel to hold that “to recover fees under Section 501.2105 the movant must also demonstrate that it recovered a net. judgment in the entire case.”).
Defendants rely on Diamond Aircraft to argue that they are the prevailing party on the FDUTPA claim entitled to attorney’s fees. We find Diamond Aircraft to be inapplicable because, unlike this case, it involved a defendant who prevailed on all causes of action in a case, such that the plaintiff recovered nothing.
In Diamond, the plaintiff Horowitch sued Diamond Aircraft in state court for specific performance, claiming Diamond Aircraft breached a contact. 107 So.3d at 365. After the action was removed to federal court, Horowitch amended his complaint to include counts for (1) specific performance, (2) breach of contract, (3) breach of good faith and fair dealing, and (4) FDUTPA. Id. The court entered summary judgment in favor of Diamond Aircraft on the first three claims. Id. at 366. As to the FDUTPA claim, the trial court ruled that Arizona, and not Florida, law applied. Id.
After a bench trial, the court entered judgment for Diamond Aircraft on the deceptive trade practices claim. Id. Post-judgment, Diamond .Aircraft moved for fees under section 501.2105, arguing that “by asserting and seeking recovery under FDUTPA, Horowitch had invoked the application of FDUTPA’s attorney’s fees provision, even if he did not prevail under that statutory provision.” Id. The trial court denied the motion “because Arizona law and not FDUTPA applied to the deceptive trade practices claim advanced by Horow-itch.” Id.
The Florida Supreme Court held that Diamond Aircraft was entitled to recover attorney’s fees under section 501.2105. First, the court explained that, “[t]o encourage citizens to invoke the protections of FDUTPA and file actions under that statute, the Legislature has provided that a prevailing party in a FDUTPA action may recover reasonable costs and attorney’s fees from the nonprevailing party.” Id. at 367. With that in mind, the court determined Diamond Aircraft was entitled to attorney’s fees under section 501.2105 because Horowitch “filed an action against Diamond Aircraft under FDUTPA and ultimately was the nonprevailing party. By invoking FDUTPA and seeking redress under its remedial provisions, [the plaintiff] exposed himself to both the benefits and the possible consequences of that act’s provisions.” Id. at 369.
*1137 The court explained, “Horowitch cannot assert and invoke the protections of this act by filing a legal action under its provisions, but then rely on the act’s ultimate inapplicability as a shield against the application of the act’s attorney’s fees provision.” Id. at 370. “To hold otherwise would negate individual accountability in filing actions by permitting meritless filings of FDUTPA claims without recourse for a defendant who was forced to defend an action initially filed under a law ultimately held to be inapplicable.” Id.
In reaching its conclusion in Diamond Aircraft, the court looked to Brown v. Gardens by the Sea S. Condo. Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983), and Rustic Village, Inc. v. Friedman, 417 So.2d 305, 305 (Fla. 3d DCA 1982). Both cases allowed a defendant to recover attorney’s fees under FDUTPA where the act was found not to apply to the transaction at issue.
Significantly, Diamond Aircraft, Brown, and Rustic Village, are all cases where the plaintiff prevailed on.no aspect of the case. Also, the primary focus of those eases was whether FDUTPA fees could be awarded when that statute was held not to apply to the underlying consumer transaction.
Here because Banner prevailed on his FCCPA claim, he stands in a different position than the plaintiffs in Diamond Aircraft, Brown, and Rustic Village. In this situation, the .Heindel approach applies. Where a case involves multiple counts directed at the same conduct, to recover section 501.2105 attorney’s fees “a party must (1) recover judgment on the chapter 501, part II claim, and (2) recover a net judgment in the entire case.” 476 So.2d at 270. The defendants here did not prevail on the entire case, so they are not entitled to recover fees under section 501.2105. See also Bull Motors, LLC v. Borders, 132 So.3d 1158, 1160 (Fla. 3d DCA 2013) (recognizing the requirement that a section 501.2105 recovery requires that a party recover “a net judgment in the entire case”).
This application of the statute is consistent with the purposes of FDUTPA set forth in section 501.202. The goal of consumer protection statutes like FDUT-PA and FCCPA is to deter various types of anti-consumer conduct. To allow attorney’s fees where a plaintiff does not prevail under one consumer protection statute — but obtains a judgment under a different consumer law or a common law cause of action — would discourage consumers from using statutes designed for their own protection.
MAY and KLINGENSMITH, JJ., concur.

. Section 57.041(1) provided that "[t]he party recovering judgment shall repover all his or her legal costs and charges which shall be , included in the judgment.”