# Third District Court of Appeal

**State of Florida**

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-613
Lower Tribunal No. 12-36258
_____


**Clara Diaz,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Duboff Law Firm and Joshua A. Blacksten, for appellant.

Methe & Rockenbach, P.A., and Kara Berard Rockenbach and Kristi Bergemann Rothell (West Palm Beach), for appellee.


Before ROTHENBERG, C.J., and SALTER and LINDSEY, JJ.

LINDSEY, J.

This is an appeal by an insured homeowner from a final judgment entered following a jury verdict in favor of Appellee, Citizens Property Insurance

Corporation ("Citizens"). For the reasons set forth below, we affirm in part and dismiss in part.

At trial, Appellant, Clara Diaz, testified that she woke up on August 20, 2011 and put her feet on the floor into water. She further testified that a leaking water heater was the source of that water. Ms. Diaz filed a claim with Citizens for damage to her home resulting therefrom. Citizens determined that there was coverage and paid a total of $5,307.99 on the claim. Unhappy with Citizens' payment, Ms. Diaz sued Citizens for breach of insurance contract. The jury found that Citizens paid Ms. Diaz the reasonable costs to repair the direct physical loss to her property caused by the August 20, 2011 water leak. The jury declined to award Ms. Diaz any money for the additional damages she was claiming as a result of the covered loss.

Thereafter, the trial court entered a final judgment, in favor of Citizens and against Ms. Diaz, awarding costs and attorney's fees pursuant to section 768.79 of the Florida Statutes and rule 1.442 of the Florida Rules of Civil Procedure in an amount to be determined at a later time. The final judgment specifically ordered that Ms. Diaz would "take nothing by this action" and that Citizens "shall go hence without delay." This language constitutes the requisite finality necessary to invoke this Court's jurisdiction. See, e.g., Stanberry v. Escambia County, 813 So. 2d 278, 280 (Fla. 1st DCA 2002) (citing Monticello Ins. Co. v. Thompson, 743 So. 2d 1215, 1215-16 (Fla. 1st DCA 1999) (holding that even an order that "establishes entitlement to a judgment [is not final unless it] . . . actually enters or renders a

2

judgment . . . or includes specific 'language of finality' necessary for a judgment . . . to be considered 'final' for purposes of an appeal.")). See also HSBC Bank USA, N.A. v. Buset, 216 So. 3d 701 (Fla. 3d DCA 2017) (declining to dismiss entire appeal on grounds that portion of final judgment reserving jurisdiction to award prevailing party fees rendered order on appeal non-final and therefore premature).

With regard to the issues raised on appeal relating to the trial and the jury verdict, we find no error and affirm.

In contrast, we are without jurisdiction to address the portion of the appeal relating to attorney's fees. This is so because no amount has been fixed by the trial court and the part of the final judgment that finds entitlement thereto is not ripe for our review. See Kling Corp. v. Hola Networks Corp., 127 So. 3d 832, 833 (Fla. 3d DCA 2013) (citing Alexopoulos v. Gordon Hargrove & James, P.A., 109 So. 3d 248, 250 (Fla. 4th DCA 2013) (order that merely finds entitlement to attorney's fees but does not set an amount is non-final and non-appealable); Mills v. Martinez, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) ("An award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court."); Chaiken v. Suchman, 694 So. 2d 115, 117 (Fla. 3d DCA 1997) (stating that an order awarding entitlement to attorney's fees does not become final until the amount of the fee is set)). "Nor is such an order one of the enumerated appealable non-final orders set forth in Florida Rule of Appellate Procedure 9.130." Id. (citing Fla. R. App. P. 9.130(a)(3)). Accordingly, because the part of the final

3

judgment finding entitlement to attorney's fees is non-final and non-appealable, the appeal with respect to attorney's fees is dismissed without prejudice.

Affirmed in part; dismissed in part.