DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**21ST CENTURY CENTENNIAL INSURANCE COMPANY,**
Appellant,

v.

**DWAYNE WALKER,**
Appellee.

No. 4D17-2937

[August 29, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 50-2011-CA-018093-XXXX-MB.

Rosemary B. Wilder of Marlow, Adler, Abrams, Newman & Lewis, Coral Gables, for appellant.

Jonathan Mann and Robin Bresky of Law Offices Of Robin Bresky, Boca Raton, and David W. Bennett of Bodden & Bennett Law Group, Boynton Beach, for appellee.

KLINGENSMITH, J.

This case is before us for the second time to consider issues that arose following trial. In the first appeal, 21st Century Centennial Insurance Company ("Insurer") appealed the trial court's final judgment awarding Dwayne Walker damages resulting from two separate motor vehicle accidents. This court *per curiam* affirmed the lower court's judgment, and preliminarily granted Walker entitlement to seek appellate attorney's fees pursuant to a proposal for settlement. *See 21st Century Centennial Ins. Co. v. Walker*, 230 So. 3d 859 (Fla. 4th DCA 2017) ("*21st Century I*"). Insurer now appeals the trial court's final judgment awarding Walker both his trial and appellate attorney's fees and costs, as well as expert witness fees. For the reasons set forth below, we reverse the award of both trial and appellate attorney's fees and costs, and remand for further proceedings.

In *21st Century I*, Walker sued Insurer seeking damages under an uninsured motorist ("UM") insurance policy with a $20,000 limit per

accident. His claim was for damages arising out of two separate car crashes in 2010 and 2011. Walker later moved to amend his complaint to add counts for bad faith against Insurer—one count for each car crash. The trial court denied his motion to amend without prejudice.

Prior to trial, Walker served two separate proposals for settlement on Insurer pursuant to section 768.79, Florida Statutes (2017)—one for each of the two car crashes—wherein he proposed to settle for $40,000 per crash, totaling $80,000. Insurer did not accept the proposals, and the case proceeded to a jury trial. The jury ruled in Walker's favor, awarding him $170,598.78 for the 2010 accident and $84,564.83 for the 2011 accident.

The court originally rejected Walker's request to have the judgment entered as determined in the jury verdict, and instead entered final judgment against Insurer in the amount of the $20,000 policy limits applicable to each crash. Insurer appealed that final judgment.

While the appeal in *21st Century I* was pending, Walker filed a motion in the trial court for attorney's fees and costs and a renewed motion to amend his complaint. In that motion, he argued that the amendment to add bad faith counts to the complaint was now proper because the final judgment had been entered and the underlying claim was resolved. He also asked the trial court once again to amend the final judgment to reflect the total amount of the jury's verdict.

After this court relinquished jurisdiction following the *21st Century I* appeal, the trial court granted Walker's renewed motion to amend his complaint to add the bad faith claims. The court relied on *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214 (Fla. 2016), and entered an Amended Final Judgment in favor of Walker for the full amount of the jury verdict, but limited execution to the $20,000 UM policy limits. Thereafter, Walker filed an amended motion seeking attorney's fees and costs pursuant to section 768.79 and Florida Rule of Civil Procedure 1.442. Although the trial court also granted Walker's motion for attorney's fees and costs, it did not enter a judgment for any amounts.

Insurer timely appealed the Amended Final Judgment that was *per curiam* affirmed in *21st Century I*. Insurer asserted two issues on appeal in *21st Century I* that arose from the trial but did not appeal the order granting attorney's fees and costs because, at that time, the trial court had not yet entered an appealable order pertaining to that issue. *See Diaz v. Citizens Prop. Ins. Co.*, 227 So. 3d 735, 736 (Fla. 3d DCA 2017) (finding that the court did not have jurisdiction to review an award of attorney's

2

fees where "no amount ha[d] been fixed by the trial court and the part of the final judgment that finds entitlement thereto [was] not ripe for . . . review."). However, while *21st Century I* was on appeal, Walker filed an unopposed motion with this court asking for an award of appellate attorney's fees and costs based on section 768.79. We granted Walker entitlement to seek those appellate attorney's fees in the trial court, but ordered, "On remand, the trial court shall set the amount of the attorney's fees to be awarded for this appellate case."[1]

After our remand of the case back to the trial court, the parties agreed to the entry of a final judgment awarding attorney's fees of $200,000 and expert witness fees of $6,050 but included language in the judgment reserving the parties' right to appeal Walker's entitlement to those fees and costs.[2] This appeal from that final judgment timely followed.

A party's legal entitlement to attorney's fees and costs based on the interpretation of a statute is reviewed *de novo*. *See Land & Sea Petrol., Inc. v. Bus. Specialists, Inc.,* 53 So. 3d 348, 355 (Fla. 4th DCA 2011). "This case presents an issue of statutory interpretation. The construction of a statute is an issue of law subject to *de novo* review." *Aramark Unif. & Career Apparel, Inc. v. Easton,* 894 So. 2d 20, 23 (Fla. 2004).

According to section 768.79:

> (1) . . . . If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
>
> . . . .
>
> (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> . . . .

---

[1] Although the order from this court indicated that Walker was entitled to his appellate attorney's fees "unconditionally," we did not intend to foreclose Insurer from asserting any appropriate defenses, including lack of good faith, regarding the application of section 768.79.

[2] The award of attorney's fees did not differentiate between the amount for appellate fees and the amount for trial fees.

(b) If a plaintiff serves an offer which is not accepted by the defendant, and *if the judgment obtained* by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

(Emphasis added). Section 768.79(6)(b) defines "judgment obtained" as used under subsection (6)(b) as "the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced." § 768.79(6)(b).

This court has previously held that when assessing whether attorney's fees should be granted under section 768.79, the correct source to which a court should look is the judgment, not the jury's verdict. *See White v. Steak & Ale of Fla.*, 816 So. 2d 546, 550 (Fla. 2002); *State Farm Mut. Auto. Ins. Co. v. Kujawa*, 782 So. 2d 1003, 1005 (Fla. 4th DCA 2001).

More recently, the Florida Supreme Court decided *Fridman*, and established the appropriate protocol to follow if a plaintiff prevails in a UM action and then elects to pursue a bad faith claim. The Court held that any judgment entered should be for the full amount of the insured's damages, even though the insured must later proceed with a bad faith action to recover any amount in excess of the policy limits. *Fridman*, 185 So. 3d at 1230. It stated, "[A]n insured is entitled to a jury determination of liability and the full extent of his or her damages, which may be in excess of the policy limits, in the underlying UM case, prior to litigating a first-party bad faith cause of action." *Id.* The Court also endorsed the "preferable approach" of entering final judgment in these cases for the full amount of the verdict, while limiting execution of the judgment to the policy amount. *Id.* at 1229; *accord GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 808 n.1 (Fla. 4th DCA 2014).

The import of the *Fridman* decision is clear. When a case involves a first-party bad faith claim alleging that an insurer is liable for an amount in excess of policy limits, the full application of such judgment against the insurer—including an award of attorney's fees and costs based on section 768.79—should not be considered by the trial court until the bad faith litigation is resolved. This is because an insurer is liable for bad faith damages for more than its policy limits provided two thresholds are met: (1) the plaintiff is awarded damages above the policy amount in the underlying tort suit, and (2) a jury determines the plaintiff proved bad faith

4

claims conduct by the insurer. *See Fridman*, 185 So. 3d at 1216 (noting that cases from the Florida Supreme Court have long held that "a determination of liability and the full extent of damages is a prerequisite to a bad faith cause of action"); *Farinas v. Fla. Farm Bureau Gen. Ins. Co.*, 850 So. 2d 555, 559 (Fla. 4th DCA 2003) (holding that the determination of whether an insurer acted in good faith is to be made by the jury).

Here, the trial court appropriately stayed execution against the insurer of any amount over the policy limits pending resolution of the bad faith case consistent with *Fridman* and *Paton*. In doing so, the only enforceable judgment against the insurer at this time, or what is effectively the "net judgment" as section 768.79(6)(b) describes, is for the amount representing the policy limits of $20,000 per accident.

Thus, *Fridman* compels us to adopt another "preferable approach" in the context of first-party bad faith litigation: waiting until a determination is made on whether the plaintiff proved bad faith claims against an insurer before determining entitlement to an award of attorney's fees and costs against an insurer under section 768.79.

Therefore, we reverse the trial court's awards of trial and appellate fees and costs, and remand for further proceedings to consider an award pursuant to section 768.79 at the end of the parties' bad faith litigation.

*Reversed and remanded for further proceedings.*

GROSS and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***