# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0633
Lower Tribunal No. 22-25904-CC-25
_____

**Jorge Alvarez, Jr., et al.,**
Appellants,

vs.

**Gonzalo Gamba, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Gonzalez Law Offices, P.A., and Anthony Gonzalez and Dennis S. Klein, for appellants.

Albert D. Rey, P.A., and Albert D. Rey, for appellees.

Before EMAS, SCALES and GOODEN, JJ.

EMAS, J.

Following a failed transaction for the sale and purchase of a residential condominium unit in Miami, Jorge and Diana Alvarez (Sellers) filed suit against Gonzalo and Cira Gamba (Buyers) for breach of contract and unjust enrichment. Buyers eventually filed a motion for summary judgment, and Sellers filed no response nor any evidence in opposition to Buyers' summary judgment motion. Following a hearing, the trial court granted Buyers' motion and thereafter entered final summary judgment in favor of Buyers. Sellers sought rehearing, which the trial court denied, and this appeal followed.[1]

Upon our de novo review, Priority Med. Ctrs., LLC v. Allstate Ins. Co., 319 So. 3d 724, 726 (Fla. 3d DCA 2021) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000)), we hold that the trial court properly granted summary judgment in favor of Buyers, and affirm the trial court's entry of final summary judgment. See § 718.503(2)(d)2., Fla. Stat.

---

[1] The Sellers also challenge that portion of the trial court's order finding the Buyers are entitled to attorney's fees. However, that aspect of the summary judgment is neither final nor appealable, and we are without jurisdiction to review it, because the trial court determined only entitlement to (but not the amount of) attorney's fees. We therefore dismiss as premature this portion of the appeal, without prejudice to seek review as may be appropriate after rendition of a final order that both determines entitlement and fixes the amount. See Acosta v. Tower Hill Signature Ins. Co., 245 So. 3d 882, 883 (Fla. 3d DCA 2018) ("[W]e are without jurisdiction to address the portion of the appeal relating to attorney's fees . . . . because no amount has been fixed by the trial court and the part of the final judgment that finds entitlement thereto is not ripe for our review.") (quoting Diaz v. Citizens Prop. Ins. Corp., 227 So. 3d 735, 736-37 (Fla. 3d DCA 2017)).

(2022) (requiring contracts for sale of a residential unit to include certain terms and provisions, including the provision contained in the instant contract); Bydalek v. Saenz, 368 So. 3d 508, 511 (Fla. 3d DCA 2023) (interpreting the final sentence contained in section 718.503(2)(d)2. and in the contract—"BUYER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING"—to mean a buyer's right to void the agreement does not terminate until closing actually occurs, regardless of the closing date set forth in the contract); see also Aria on the Bay Condo. Ass'n, Inc. v. Bayshore Plaza I, LLC, 394 So. 3d 95, 96 (Fla. 3d DCA 2024) ("Under the new [summary judgment] standard, once the moving party satisfies [the] initial burden [of proof], the burden then shifts to the nonmoving party to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Specifically, it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial.") (quotation omitted); Lloyd S. Meisels, P.A. v. Dobrofsky, 341 So. 3d 1131, 1136 (Fla. 4th DCA 2022) ("Because the defendants failed to file a response with their supporting factual position, as required under the amended rule, the trial court was permitted to consider the facts set forth in the plaintiff's motion for

summary judgment as 'undisputed for purposes of the motion.'") (quoting Fla. R. Civ. P. 1.510(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may . . . consider the fact undisputed for purposes of the motion.")).

Affirmed in part and dismissed in part.