# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0922
LT Case No. 2017-CA-003146

_____

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Appellant,

     v.

CATHERINE HUDNALL,

     Appellee.

_____

On appeal from the Circuit Court for Duval County.
G.L. Feltel, Jr., Judge.

Warren B. Kwavnick, of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for Appellant.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellee.

July 3, 2025

PER CURIAM.

This appeal follows a jury verdict for the plaintiff in an uninsured motorist case. State Farm seeks a new trial and argues in the alternative that the judgment is for the wrong amount. We reject the new trial arguments without discussion but agree about the need for a corrected judgment.

The trial court entered a judgment for the net jury verdict. Because the plaintiff's bad faith claim is not yet resolved, the court restricted execution of the judgment "to the $100,000.00 uninsured motorist coverage limits plus any accrued interest thereon."

Our Supreme Court has held that before litigating a first-party bad faith claim in an uninsured motorist case, "an insured is entitled to a jury determination of liability and the full extent of his or her damages, which may be in excess of the policy limits." *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1230 (Fla. 2016). "This determination is then binding in the subsequent bad faith action, provided the parties have had the opportunity for appellate review of any trial errors that were timely raised." *Id.* To facilitate appellate review, it is proper for a trial court to hold a jury trial, include the verdict amount in the final judgment, and reserve jurisdiction to consider a motion from the plaintiff to add a claim for bad faith. *Id.*

However, the Second District has explained that "including the verdict amount" "in the final judgment" does not mean entering a judgment *for* the net verdict. *State Farm Mut. Auto. Ins. Co. v. Finson*, 385 So. 3d 196, 198 (Fla. 2d DCA 2024). Instead, the judgment must be within policy limits and may only *reference* the net verdict as the measure of damages if the plaintiff later prevails on the bad faith claim. *Id.* at 196–97. *Finson*—which the trial court did not have the benefit of when entering the judgment here—discusses at length why this procedure aligns with the statutory and decisional law governing uninsured motorist cases. *See id.* at 197–200. We agree with the analysis in *Finson.*[*]

Therefore, the trial court should not have entered a judgment for the net verdict while the plaintiff's bad faith claim is pending.

---

[*] The Second District addresses *21st Century Centennial Insurance Co. v. Walker*, 254 So. 3d 978 (Fla. 4th DCA 2018), a case that concerned attorney's fees but also stated that a court rightly entered a judgment for the net verdict while limiting its execution to the policy limits during bad faith litigation. *Id.* at 981. *Finson* explains why this aspect of *Walker* is dictum, and therefore, lacks precedential force. *See Finson*, 385 So. 3d at 199–200.

On remand, the court must enter a corrected judgment for the $100,000 policy limit. The corrected judgment may also note that the net verdict is the plaintiff's measure of damages if she ultimately prevails on her bad faith claim. *See id.* at 197.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

JAY, C.J., and KILBANE and MACIVER, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————