# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2983
_____

BECKY JEAN BALDWIN BOWEN
and JACK WENDELL BOWEN,

     Appellants,

     v.

CHRISTOPHER JAMES COSTELLO,
individually; WASTE PRO USA,
INC., a Florida corporation; and
WASTE PRO OF FLORIDA, INC., a
Florida corporation,

     Appellees.

_____

On appeal from the Circuit Court for Columbia County.
Melissa G. Olin, Judge.


March 11, 2026

PER CURIAM.

     AFFIRMED.

LEWIS and RAY, JJ., concur; KELSEY, J., concurs with opinion.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

KELSEY, J., concurring.

I write briefly only as a gentle reminder to trial judges in general that an order merely granting a motion is not a final, appealable judgment. *See Cardiothoracic & Vascular Surgery, P.A. v. W. Fla. Reg'l Med. Ctr.,* 993 So. 2d 1060, 1061 (Fla. 1st DCA 2008) (holding that an order that merely grants a motion for summary judgment, without also entering judgment, is not final); *Ball v. Genesis Outsourcing Sols., LLC,* 174 So. 3d 498, 499 (Fla. 3d DCA 2015) (explaining that an order that merely grants a motion and does not contain language that enters judgment is not a final order and that a notice of appeal from such order is premature).

We generally look at three main parts of an order to determine if it is appealable: first the heading or caption; then the operative language, usually near the end; and finally, the concluding language. Ideally, a final judgment will bear a heading that includes the phrase "Final Judgment," perhaps in the present context "Order Granting [Party's] Motion for Summary Judgment and Entering Final Judgment for [Party]." Alternatively, there could be one order granting the motion and another entering final judgment. Here, the heading only states that the order is granting a motion; and the notice of appeal states the appeal is from an order granting a motion, so we must look further.

In the operative/adjudicative portion of a judgment, the clearest form of judgment would not merely grant a motion, but would go on to state affirmatively that "Judgment (or 'Final Judgment' or 'Summary Judgment') "is hereby entered for [Party]." Here, the order states that the *motion* for summary judgment is granted—not enough to create an appealable judgment.

2

Finally, another excellent indicator of finality is the time-tested send-off phrase, "[Losing Party] shall go hence without day," or words to similar effect. *See, e.g.*, *Diaz v. Citizens Prop. Ins. Corp.*, 227 So. 3d 735 (Fla. 3d DCA 2017) (noting that an order stating that the plaintiff "shall take nothing by this action" and "shall go hence without delay" signifies that the judgment is final). Here, the order states "Plaintiff shall take nothing from this Order and the Defendant's [sic] shall go hence without day." This is helpful, and is the only clear indicator of finality in the order. More clarity would be better.

––––––––––––––––––––––––––––

For Appellants: Dale R. Sisco of Sisco Law, Tampa.

For Appellees: Donna M. Krusbe and James M. Kloss of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, West Palm Beach.